**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Brett Stephenson HINDMAN, Appellee.**

No. 2–98–018–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 19, 1998.

Publication Ordered April 1, 1999.

Janette Lorie Ansolabehere, Ass't General Counsel, and Phyllis Waldrep Cranz, Hearings Attorney by deputation, Texas Dept. of Public Safety, Fort Worth, and Bruce Isaacks, Crim. Dist. Atty., Denton, for Appellant.

Lloyd D. Odle, Atty., Lewisville, for Appellee.

Panel B: DAY, DAUPHINOT, and BRIGHAM, JJ.

## OPINION

WILLIAM BRIGHAM, Justice.

The Texas Department of Public Safety, Appellant, appeals from a final order of the Denton County Probate Court reversing the decision of the administrative law judge ("ALJ") after the ALJ authorized the driver's license suspension of Appellee, Brett Stephenson Hindman. In one point, Appellant contends that the Probate Court erred as a matter of law by reversing an administrative decision that was supported by substantial evidence. We agree. We therefore reverse and render judgment affirming the decision of the ALJ and order that Appellant may suspend Appellee's driver's license for 90 days.

## THE ARREST AND ADMINISTRATIVE HEARING

On July 1, 1997, Officer David Allen of the Corinth Police Department stopped Appellee for driving with "a defective tail lamp, the lens on the right side [being] broken, allowing white light to the rear." Allen noticed that Appellee's eyes were bloodshot, his walk was unsteady, and he had a strong odor of alcohol on his breath. After Appellee failed several field sobriety tests, Allen arrested him.

After giving the required warnings, Allen asked Appellee to take a breath test. Appellee initially agreed, gave one sample, but then refused to give the second sample required to complete the test. Appellee signed the statutory warning form indicating his refusal. Allen served Appellee with a notice of suspension of his driver's license, and Appellee requested a hearing to contest the suspension. Allen testified at the administrative hearing, held July 22, and three exhibits were admitted by the ALJ without objection, one of which was the peace officer's report indicating the officer's reasonable suspicion to stop. No evidence was offered to contradict the evidence that Appellee was driving with a defective and broken tail light which was emitting white light. On conclusion of the hearing, the ALJ made a finding of fact that "reasonable suspicion to stop the [Appellee] existed ... where the [Appellee] was operating his motor vehicle with a defective tail lamp in that the lens on the right tail light was broken allowing white light to emit from the rear of said tail light." The ALJ entered an order authorizing Appellant to suspend Appellee's license for 90 days. Appellee appealed his suspension to the probate court of Denton County.

## STANDARD OF REVIEW

A person whose driver's license is suspended following an administrative hearing is entitled to judicial review of the decision. See TEX. TRANSP. CODE ANN. § 524.041 (Vernon 1998). Judicial review is on the record certified by the office of administrative hearings, with no additional testimony. See id. § 524.043(a). A party may apply to the reviewing court to present additional evidence. See id. § 524.043(b). In this case, the only evidence before the probate court was the record from the administrative hearing.

■ The standard of review of a state agency's decision is limited to whether the agency's ruling is free of the taint of any illegality and is reasonably supported by substantial evidence. See Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer, 662 S.W.2d 953, 956 (Tex.1984). "Substantial evidence" means that, on the evidence as a whole, reasonable minds could have reached the same conclusion as that of the administrative agency. See Texas State Bd. of Dental Examiners v. Sizemore, 759 S.W.2d 114, 116 (Tex.1988), cert. denied, 490 U.S. 1080, 109 S.Ct. 2100, 104 L.Ed.2d 662 (1989); McKinley Iron Works, Inc. v. Texas Employment Comm'n, 917 S.W.2d 468, 470 (Tex. App.—Fort Worth 1996, no writ).

■ At its core, the substantial evidence review is a reasonableness or rational basis test. See City of El Paso v. Public Util. Comm'n, 883 S.W.2d 179, 185 (Tex.1994). Principles that govern the court's substantial evidence review are: (1) the court will hear and consider evidence to determine whether

reasonable support for the agency's order exists, although the agency remains the primary fact finder, and the question for the trial court is strictly one of law; (2) the court may not substitute its own judgment for that of the agency on controverted fact issues; (3) if the agency heard substantial evidence that would support either an affirmative or negative finding, the court must allow the agency's ruling to stand, even if the court would have reached a different conclusion; (4) the court may not set aside the agency's ruling merely because of disputed or conflicting testimony; and (5) the court is concerned only with the reasonableness of the agency's order and not its correctness. *See Firemen's & Policemen's Civil Serv. Comm'n,* 662 S.W.2d at 956.

■ Under these principles, if there is substantial evidence to support the agency's ruling, the court must yield to the discretion that was exercised by the agency empowered by law to make that ruling. *See McKinley Iron Works,* 917 S.W.2d at 470. Findings, inferences, conclusions, and decisions of an administrative agency are presumed to be supported by substantial evidence. *See City of El Paso,* 883 S.W.2d at 185.

■ A court may only reverse an administrative decision under this standard of review if the agency's findings, inferences, conclusions, or decisions are not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole, or if the decision is arbitrary, capricious, or characterized by an abuse of discretion. *See* TEX. GOV'T CODE ANN. § 2001.174(2)(E) & (F); *Board of Law Examiners v. Stevens,* 868 S.W.2d 773, 777–78, (Tex.), *cert. denied,* 512 U.S. 1206, 114 S.Ct. 2676, 129 L.Ed.2d 811 (1994).

■ The appellate court, like the probate court, looks to the ALJ's decision to see if it is supported by substantial evidence. *See Railroad Comm'n of Texas v. Graford Oil Corp.,* 557 S.W.2d 946, 951–52 (Tex.1977). *See also Texas Dep't of Pub. Safety v. Lavender,* 935 S.W.2d 925, 929 n. 13 (Tex.App.— Waco 1996, writ denied) (despite fact that appeals from trial court's judgment generally proceed in same manner as other civil appeals, appellate courts habitually review administrative order, not trial court's judgment).

## REASONABLE SUSPICION

■ Appellant contends the probate court erred by reversing the agency finding that reasonable suspicion to stop Appellee existed where the Appellee operated his motor vehicle with a defective tail lamp. Appellee argues that there was no evidence that the tail lamp did not comply with the traffic law.

■ It is a misdemeanor offense for a person to operate a vehicle that is not equipped with tail lamps which emit red light plainly visible at a distance of 1,000 feet from the rear of the vehicle. *See* TEX. TRANSP. CODE ANN. §§ 547.004(a)(2), 547.322(d) (Vernon 1998). An officer may stop and detain a person provided the officer has reasonable suspicion of a traffic violation. *See McVickers v. State,* 874 S.W.2d 662, 664 (Tex.Crim. App.1993); *Garcia v. State,* 827 S.W.2d 937, 944 (Tex.Crim.App.1992); *Hernandez v. State,* 867 S.W.2d 900, 907–08 (Tex.App.— Texarkana 1993, no pet.); *Vercher v. State,* 861 S.W.2d 68, 71–73 (Tex.App.—Houston [1 st Dist.] 1993, pet. ref'd).

Evidence concerning Allen's reasonable suspicion to stop consisted solely of his testimony and the admission of his sworn peace officer's report. According to that evidence, Appellee was stopped because he had a defective tail lamp with a broken right lens, "allowing white light to the rear." There was no evidence offered or admitted concerning whether or not the tail lamp was also emitting red light visible 1,000 feet from the rear of the vehicle.

Based on this evidence, the ALJ made a finding that "reasonable suspicion to stop the [Appellee] existed." We find that on the evidence as a whole, reasonable minds could have reached the conclusion that Appellee violated the red light requirement. *See Texas State Bd. of Dental Examiners,* 759 S.W.2d at 116; *McKinley Iron Works, Inc.,* 917 S.W.2d at 470. Furthermore, Appellee can point to no evidence, either before the ALJ or the probate court, that could overcome the presumption that the decision of

the ALJ was supported by substantial evidence.

Appellee's reliance on *Vicknair v. State*, 751 S.W.2d 180 (Tex.Crim.App.1988) (op. on reh'g) is misplaced. In *Vicknair*, the evidence of probable cause to stop consisted of the arresting officer's testimony that Vicknair was driving with an equipment violation consisting of a defective taillight with a cracked lens and white light showing to the rear of the vehicle. *See id.* at 181. On cross-examination of the officer, defense counsel specifically asked if red light was also illuminating from the taillight, to which the officer answered affirmatively. *See id.* The court ultimately found that in determining whether a traffic violation occurred, there was no evidence in the record that the tail light on appellant's vehicle failed to emit a red light as required by the statute. *See id.* at 189–90. "The arresting officer ... testified that the red light in the tail light on [the] vehicle was visible to him at all times." *Id.* Here, there was no evidence that Appellee's tail light emitted red light.

We cannot say, based on this record, that the ALJ's finding of reasonable suspicion was not reasonably supported by substantial evidence, or that its decision was arbitrary. Therefore, it was error for the probate court to substitute its own judgment for that of the ALJ. Appellant's point is sustained.

## CONCLUSION

Having sustained Appellant's sole point, we reverse and render judgment affirming the decision of the ALJ. We further order that Appellant is authorized to suspend the driver's license of Appellee for a period of 90 days.