Opinion issued January 19, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00167-CR

———————————

Eleobardo Cruz-Cervantes, Appellant

V.

State of
Texas, Appellee



 



 

On Appeal from the 262nd Judicial District

Harris County, Texas



Trial Court Case No. 1285183

 



 

MEMORANDUM OPINION

Appellant Eleobardo Cruz-Cervantes
pleaded guilty to possession with intent to deliver cocaine weighing between
four and 200 grams, and he was sentenced to imprisonment for eight years.  See
Tex. Health & Safety Code Ann.
§§ 481.102(3)(D), 481.115(a), (d) (West 2010) (establishing offense).  In his sole issue, Cruz-Cervantes argues that
the trial court abused its discretion when it denied his motion to suppress
evidence gathered by police after a traffic stop.  Because the evidence presented in the
suppression hearing supported the trial court’s finding that the police had
probable cause, we affirm the judgment of the trial court.

Background

          Two Houston Police Department patrol
officers stopped Cruz-Cervantes as he was pulling his pickup truck into a
cantina parking lot.  According to their
offense report, the officers stopped Cruz-Cervantes because his driver’s-side
taillight was emitting white light, in violation of state law.  When Cruz-Cervantes could not provide a
driver’s license upon request, one of the officers had Cruz-Cervantes walk to
the rear to show him the taillight.  The
officer then arrested Cruz-Cervantes for driving without a license and conducted
an inventory of the truck.  He discovered
56 grams of cocaine on the floorboard between the front seats.  Cruz-Cervantes was charged with knowingly
possessing cocaine with intent to deliver.

          Cruz-Cervantes filed a motion to
suppress all of the evidence obtained from the pickup truck, including the
cocaine.  The trial court held a hearing
on the motion.  The two patrol officers
testified that when they first noticed Cruz-Cervantes’s truck, they could see
only white light and no red light emanating from the taillight from their
position between 200 and 500 feet away. 
One of the officers testified that, upon closer examination, it appeared
that the taillight had a hole around the bulb. 
The officers admitted on cross-examination, however, that their offense
report did not describe the damage to the taillight.  At the hearing, Cruz-Cervantes testified that
the taillight looked “a little white” but was otherwise “fine” and “intact.”  Defense counsel attempted to introduce a
photograph of Cruz-Cervantes’s truck showing that the taillight was red, but
the court refused to admit the photograph on the State’s objection that it was
not properly authenticated.

          The court denied the motion to
suppress, finding that the officers had probable cause to search the
truck.  Cruz-Cervantes subsequently pleaded
guilty and brought this appeal.

Analysis

          Cruz-Cervantes argues that the trial
court erred in denying his motion to suppress because the trial court
unreasonably concluded that the taillight emitted only white light.  The more reasonable conclusion, he argues, is
that the taillight emitted both red and white light, which is not a violation
under the Transportation Code, and therefore the traffic stop leading to the
arrest and seizure was unlawful.  The
State argues that the testimony given at the hearing permitted the trial court
to conclude that the taillight emitted only visible white light, and therefore
the trial court did not abuse its discretion.

          The Code of Criminal Procedure
prohibits admission of unlawfully obtained evidence.  See
Tex. Code Crim. Proc. Ann.
art. 38.23(a) (West 2005); see also
State v. Johnson, 939 S.W.2d 586, 588
(Tex. Crim. App. 1996).  In reviewing the
trial court’s ruling on a motion to suppress evidence, we apply a bifurcated
standard of review.  Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We give almost total deference to the trial
court’s determination of historical facts that depend on credibility, while we
conduct a de novo review of the trial court’s application of the law to those
facts.  Carmouche, 10 S.W.3d at 327. 
In a hearing on a motion to suppress, the trial court is the sole trier
of fact and judge of the credibility of the witnesses and the weight to be
given their testimony.  State v. Ross, 32 S.W.3d 853, 855 (Tex.
Crim. App. 2000).  “This is so because it
is the trial court that observes first hand the demeanor and appearance of a
witness, as opposed to an appellate court which can only read an impersonal
record.”  Id.  We must sustain the
trial court’s ruling if it is reasonably supported by the record evidence and
is correct under any theory of law applicable to the case.  Id.
at 855–56.

          A traffic stop is a detention and,
therefore, must be reasonable.  Davis v. State, 947 S.W.2d 240, 244
(Tex. Crim. App. 1997); Magana v. State,
177 S.W.3d 670, 673 (Tex. App—Houston [1st Dist.] 2005, no pet.).  The decision to stop an automobile is
reasonable when the police have probable cause to believe that a traffic
violation has occurred.  Whren v. United States, 517 U.S. 806,
810, 116 S. Ct. 1769, 1772 (1996); Walter
v. State, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000).  The alleged traffic violation in this case is
that Cruz-Cervantes’s taillight emitted only white light.  See Tex. Transp. Code Ann.
§ 547.322(d) (West 2011) (“A taillamp shall emit a red light plainly
visible at a distance of 1,000 feet from the rear of the vehicle.”).  If the taillight emitted red light visible
from 1,000 feet, even if mixed with white light, then Cruz-Cervantes did not
violate the Transportation Code and the officers did not have probable cause to
stop him.  See Vicknair v. State, 751 S.W.2d 180, 187 (Tex. Crim. App. 1988) (op.
on rehearing) (“Since no one testified that appellant’s car failed to emit a
visible red light, there was no basis at all to justify the original
detention.”); cf. Tex. Dep’t Pub. Safety
v. Hindman, 989 S.W.2d 28, 32 (Tex. App.—Fort Worth 1998, no pet.)
(distinguishing Vicknair).  We do not make this factual determination for
ourselves, and we must defer to the trial court’s implicit finding that the
officers saw only white light if this finding is reasonable.  See
Hereford v. State, 339 S.W.3d 111, 117–18 (Tex. Crim. App. 2011).

          The officers testified that when they
spotted Cruz-Cervantes’s truck from 200 to 500 feet away, they saw the
taillight emitting only white light and no red light.  Only Cruz-Cervantes testified that the
taillight was “fine” and “intact.” 
Although defense counsel attempted to introduce a photograph of
Cruz-Cervantes’s truck to show the color and condition of the taillight, the court
refused to admit the photograph for lack of authentication, and we presume that
the trial judge disregarded it.  See Garza v. State, 126 S.W.3d 79, 83
(Tex. Crim. App. 2004).  On this record,
the trial judge could have reasonably resolved the conflicting testimony in
favor of the State, and we accordingly sustain the court’s denial of the motion
to suppress.  See Ross, 32 S.W.3d at 855–56.

          We overrule Cruz-Cervantes’s sole
issue.

Conclusion

          We
affirm the judgment of the trial court.

 

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel consists of Justices Jennings, Massengale, and
Huddle.

Do not publish. 
 Tex. R. App. P. 47.2(b).