Cleve VERCHER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-92-00922-CR.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 26, 1993.

Discretionary Review Refused Dec. 15, 1993.

John B. Holmes, Dist. Atty., Alan Curry, Asst., Houston, for appellee.

Before DUNN, HEDGES and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

◼ We are asked to determine whether a pretext stop violates article I, section 9 of the Texas Constitution. We hold it does not and affirm.

The appellant, Cleve Vercher, was charged with the felony offense of possession of a controlled substance. In two enhancement paragraphs, the State alleged that he had previously been convicted of the offenses of possession of a controlled substance and delivery of a controlled substance.

After the trial court denied his motion to suppress, the appellant pled guilty to the offense and true to the allegations in the enhancement paragraphs. The court found the appellant guilty of the offense and found the allegations in the two enhancement paragraphs true. The court then sentenced the appellant to confinement for 30 years.

◼ In two points of error, the appellant contends that the trial court's denial of his motion to suppress was reversible error. In point of error one, the appellant argues that the evidence that was the subject of his motion to suppress "was seized without probable cause to believe that it was contraband or evidence of a crime."

◼ In the hearing on a motion to suppress, the defendant has the initial burden of proving that the police seized the evidence without a warrant. *Russell v. State,* 717 S.W.2d 7, 9 (Tex.Crim.App.1986); *Jones v. State,* 746 S.W.2d 281, 282 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). If the defendant meets this requirement, it defeats the presumption of proper police conduct. The burden then shifts to the State, which must then produce evidence of a warrant or show that the search or seizure was reasonable. *Russell,* 717 S.W.2d at 9–10; *Jones,* 746 S.W.2d at 282.

Samuel C. Beale, Houston, for appellant.

Here, the appellant met his burden of showing that the police seized the evidence without a warrant. That shifted the burden to the State to show evidence of a warrant or show that the seizure was reasonable. *Russell*, 717 S.W.2d at 9; *Jones*, 746 S.W.2d at 282. The State did not show evidence of a warrant, but rather put on evidence that the search and seizure was reasonable.

Officer John Thomas Parker testified for the State in this regard. Here is a summary of his testimony: On June 3, 1992, at about 2:00 a.m., Officers Parker and Bailey of the Houston Police Department were traveling eastbound on Herron Street in Houston. Officer Parker spotted a black Monte Carlo traveling in the opposite direction. The Monte Carlo's windows were down, and Parker noticed that neither the driver nor the passenger were wearing seat belts. As the officers were in the process of running a check on the Monte Carlo's license plate, the automobile pulled into the private driveway of a residence known to Parker as the residence of a family who sells drugs "in front of their house, in the driveway, and on the side of the house." The officers pulled into the driveway and parked behind the Monte Carlo. As Parker approached the passenger side of the vehicle, he saw the passenger, the appellant, was "moving around," and that before the appellant got out of the vehicle, "he reached down toward the floorboard at the edge of the seat." After the appellant got out, Parker scanned the interior of the car "to make sure there wasn't a weapon or anything." When he scanned the interior, he saw an object "laying along that—just under the edge of the seat on the floorboard." This was the area where the appellant had reached below the seat. Parker could see the object clearly from where he was standing; he did not have to bend down or get inside the car to see it.

The object was "a metal pipe, tubing sitting under the seat." He had seen pipes like it before, and immediately knew it was a crack pipe. Parker then detained the appellant "for the drug paraphernalia," patted his pockets, and searched him. The search yielded "a small hard object" from the appellant's watch pocket. The object was "a white rock substance that was wrapped up in paper or plastic." The rock substance field tested positive for cocaine. The crack pipe and the crack cocaine were the subjects of the appellant's motion to suppress.

As the appellant points out, Officer Bailey's testimony does not support Officer Parker's on several points. Bailey testified that he did not see the seat belt violation and did not see the appellant place anything on the floorboard as he approached the Monte Carlo. Bailey also testified that the Monte Carlo was not going in the opposite direction on Herron Street. The driver's testimony does not completely comport with Parker's, either. The trial judge, however, is the sole fact finder at a hearing on a motion to suppress; as such, he may choose to believe or disbelieve any or all of the witnesses' testimony. *Taylor v. State*, 604 S.W.2d 175, 177 (Tex.Crim.App.[Panel Op.]1980); *Santos v. State*, 822 S.W.2d 338, 339 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). Thus, we are not at liberty to disturb any finding that is supported by the record. *Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App.[Panel Op.]1981); *Ackenback v. State*, 794 S.W.2d 567, 570 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd).

In *Joseph v. State*, 807 S.W.2d 303, 308 (Tex.Crim.App.1991), the Court of Criminal Appeals addressed the "plain view" exception to the warrant requirement. For the plain view exception to attach, two requirements must be met: (1) the officer must be lawfully on the premises or in a proper position to view the item; and (2) it must be immediately apparent to the officer that he is viewing evidence of a crime. *Id.*

The appellant attacks the State's case on the second prong. He argues that with the cursory scan of the vehicle, it could not have been immediately apparent to Officer Parker that the small metal pipe under the appellant's seat was evidence until he seized it from the car and examined it more closely. The appellant further argues that during the time that the metal pipe remained under his seat, Officer Parker could not have distinguished it from any other lawful tool, in that it is not inherently contraband whose mere

possession constitutes a criminal offense. The second prong of the plain view analysis, "immediately apparent," does not require *actual knowledge* of incriminating evidence. *Joseph,* 807 S.W.2d at 308.

Here, Officer Parker's training and his experience with other crack pipes made it, as he testified, immediately apparent to him that he was viewing evidence of a crime. He testified that he identified the object as a crack pipe *upon seeing it.* The second prong of the plain view exception is satisfied here.

The appellant also argues that Officer Parker's testimony that he saw the appellant move around in the car and reach down toward the floorboard at the edge of the seat before getting out is insufficient to constitute probable cause to conduct the "search" of the vehicle that produced the crack pipe. The appellant argues that "[t]he movement of [his] shoulders was ambiguous and not enough to transform the officer's vague suspicion into probable cause that the occupants engaged in criminal activity." The appellant relies on *Beck v. State,* 547 S.W.2d 266 (Tex.Crim.App.1976), *Wilson v. State,* 511 S.W.2d 531 (Tex.Crim.App.1974), and *Brown v. State,* 481 S.W.2d 106 (Tex.Crim.App.1972), all of which stand for the proposition that the defendant's movement in a vehicle alone does not constitute probable cause to search the interior of the vehicle. *See Beck,* 547 S.W.2d at 268–69; *Wilson,* 511 S.W.2d at 535; *Brown,* 481 S.W.2d at 112.

Those cases, however, do not control here. Here, we have not only the appellant's movement in reaching down toward the floorboard before getting out of the car, but also Officer Parker's knowledge of the neighborhood and the particular residence where the appellant pulled in his car as a place where drugs are sold. Furthermore, Parker did not discover

the pipe after a "search"; it was in his plain view when he scanned the car's interior. He did not go inside the car or even bend down to improve his view. This is in stark contrast to the cases cited by the appellant. *See Beck,* 547 S.W.2d at 267 (officer opened glove box); *Wilson,* 511 S.W.2d at 533 (officer explored between bucket seats); *Brown,* 481 S.W.2d at 109 (officer opened glove box, explored behind back seat arm rest, and opened trunk).

Officer Parker's seizure of the crack pipe and his subsequent seizure of the crack cocaine were valid. We overrule point of error one.

### Pretext stop

In point of error two, the appellant argues that the evidence that was the subject of his motion to suppress "was seized pursuant to a pretextual traffic stop" in violation of article I, section 9 of the Texas Constitution. A pretextual stop "occurs when an individual is validly stopped ... for one offense only because law enforcement officials desire to investigate that individual for a different offense—i.e., an offense for which they do not have valid legal grounds to stop or arrest." *Garcia v. State,* 827 S.W.2d 937, 939–40 (Tex.Crim.App.1992). We now address whether a pretextual stop violates article I, section 9 of the Texas Constitution.[1]

In *Gordon v. State,* 801 S.W.2d 899, 912 (Tex.Crim.App.1990), in a plurality opinion, Judge Davis of the Court of Criminal Appeals said the pretext arrest doctrine is no longer a valid objection under article I, section 9 of the Texas Constitution, just as it is no longer a valid objection under the Fourth Amendment to the Federal Constitution.[2] Judge Davis endorsed

---

1. Article I, section 9 states that:

   The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation.

   Tex. Const. art. I, § 9.

2. While Judge Davis' opinion was *in part* a plurality opinion, no plurality was amassed on the

article I, section 9 issue. Judge Teague dissented, Judge Clinton concurred in the judgment only, and Judges Campbell, Miller, and Baird stated that they could not join in that part of Judge Davis' opinion. 801 S.W.2d at 917. Two judges joined Judge Davis. Because Judge Sturns did not participate, *id.,* the case was decided by eight judges, four of whom—Teague, Campbell, Miller, and Baird—declined to join Judge Davis' handling of the issue. Therefore, no plurality was achieved on that part of the opinion.

72

the proposition that if a valid stop is made for any reason (e.g., an actual offense) and the officer's objective conduct in response (i.e., search, questioning, transport) does not exceed the constitutional and statutory limits applicable to such a stop, additional subjective intentions, suspicions, or motivations on the part of the officers are irrelevant. In other words ... although there may be other Fourth Amendment violations leading to suppression, there is no "pretext doctrine" applicable.

*Id.* at 911.

Judge Davis went on to say that, "We adopt for purposes of Article I, § 9 the objective standard" applied by the Fifth Circuit in Fourth Amendment cases:

> [W]hile a showing of objectively good faith on the part of the police officers will ordinarily redeem honest errors and prevent the application of the exclusionary rule, in a case where the officers have taken no action except what the law objectively allows their subjective motives in doing so are not even relevant to the suppression inquiry.

*Gordon*, 801 S.W.2d at 909 (quoting *United States v. Causey*, 834 F.2d 1179, 1184 (5th Cir.1987)). We note, however, that four other judges of the Court of Criminal Appeals, of the eight that decided the case, declined to join in Judge Davis' analysis of the issue. *Id.* at 917. Three of those four judges believed that Judge Davis' analysis was dicta. *Id.*

In *Heitman v. State*, 815 S.W.2d 681, 682 (Tex.Crim.App.1991), the Court of Criminal Appeals recognized that article I, section 9 and the Fourth Amendment "are the same in all material aspects." [3] The court declined to "blindly follow" the Supreme Court's decisions interpreting the Fourth Amendment in addressing issues presented under article I, section 9. *Id.* at 690. The court refused to "countenance" an approach to article I, section 9 that construes it in accordance with

Fourth Amendment law merely because the two texts are "materially the same." *Id.*

In *Garcia*, the Court of Criminal Appeals held that "the 'pretext arrest' doctrine ... is no longer viable as a matter of Fourth Amendment jurisprudence." 827 S.W.2d at 944. Rather, the court adopted the rule pronounced in *Causey*. *Id.* Noting, however, that the appellant made no argument under article I, section 9, the court declined to analyze the doctrine under the Texas Constitution. *Id.* at 943 n. 8.

Last year, in *Bobo v. State*, 843 S.W.2d 572, 574 (Tex.Crim.App.1992), the Court of Criminal Appeals "granted appellant's petition ... to decide the continued viability of the pretext arrest doctrine under the Texas Constitution." The court, however, did not reach the issue because it found that the officer's detention of the appellant "was not a pretext arrest[.]" *Id.* The court repeated the message of *Heitman*, that it would not be bound by Supreme Court decisions addressing the Fourth Amendment when it addressed article I, section 9. *Id.* at n. 4.

The purpose of article I, section 9 is "to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." *Kolb v. State*, 532 S.W.2d 87, 89 (Tex.Crim.App.1976). Article I, section 9 "does not guarantee against *all* searches and seizures, but only where the acts of the government constitute an *unreasonable* search and seizure." Tex. Const. art. I, § 9, interp. commentary (Vernon 1984) (emphasis added). The term "unreasonable" is not defined in article I, section 9. *Commentary, id.* What is "reasonable" is a "judicial question." *Commentary, id.*

Texas law required the appellant to wear his seat belt at the time he was a passenger in the Monte Carlo. *See* Tex.Rev.Civ.Stat. Ann. art. 6701d, § 107C(b) (Vernon Supp. 1993). The appellant committed an offense when he violated this law. Officer Parker was free to stop the appellant for this offense. *See Santos v. State*, 822 S.W.2d 338,

---

**3.** The Fourth Amendment states that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

341 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

Regardless of any hidden, subjective motives Officer Parker might have had regarding *why* he stopped the appellant, the fact is that policemen are free to stop individuals who are violating the traffic laws of this State. That occurred here; Officer Parker testified, and the trial court evidently believed, that the appellant was not wearing his seat belt. Thus, the stop was, *on its face,* proper.

We held above that Officer Parker's seizure of the crack pipe and his subsequent seizure of the crack cocaine were, considered alone, valid. In considering the appellant's "pretext" argument, we are faced with two particulars: (1) when he was stopped, the appellant was breaking a traffic law, and (2) the seizure of the crack pipe and crack cocaine were, in themselves, proper.

When a defendant is stopped, as any citizen might be, for violating a traffic law, and a not otherwise improper seizure of contraband from the defendant takes place, the seizure is not "arbitrary" or "unreasonable," and is thus not forbidden by article I, section 9. Under such circumstances—where the police are doing no more than they are authorized and permitted by the law to do—their motives in making an otherwise lawful stop are irrelevant. No conduct from which Texas citizens would need the protection of article I, section 9 has occurred.

We reject the appellant's argument that the improper motives of Officer Parker in stopping him should invalidate the seizure of incriminating evidence. The better rule is that Officer Parker's motives, whatever they were, are not relevant, all other aspects of the stop and seizure being proper.

We overrule point of error two.

We affirm the judgment of the trial court.