Jeremy Frank NICHOLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–93–00925–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 18, 1994.

Rehearing Overruled Sept. 29, 1994.

Discretionary Review Refused Feb. 8, 1995.

---

Lewis Dickson, Houston, for appellant.

John B. Holmes, Jr., Kimberly Aperauch Stelter, Laine Lindsey, Dist. Attorney's Office Harris County, for appellees.

Before HUTSON–DUNN, COHEN and O'CONNOR, JJ.

**OPINION**

COHEN, Justice.

Appellant was charged with possessing less than two ounces of marijuana. After the trial judge denied his motion to suppress, appellant pled no contest for agreed punishment of deferred adjudication of guilt for a period of six months and a $200 fine. We affirm.

At 3:30 a.m. on July 18, 1993, Deputy Tunches stopped appellant for running a stop sign. Upon inspecting appellant's driver's license, he saw that appellant was 19 years old, below the legal drinking age. Further, Tunches smelled alcohol coming from the car, and saw in plain view an empty beer can on the back seat. Appellant was alone in the car.

Tunches also saw in plain view a metal pipe sticking up between the driver's seat and the console. He examined the pipe, smelled marijuana on it, and saw marijuana residue in it. Tunches then arrested appellant for possession of drug paraphernalia. Tunches then opened the console and found marijuana there. The marijuana in the console was the subject of this prosecution and of the motion to suppress.

In point of error one, appellant contends the officer had no probable cause to seize the pipe because mere possession of a pipe is not illegal; thus, no contraband was seen in plain view.

The standard of review on a trial court's ruling on a motion to suppress is whether the court clearly abused its discretion. *Maddox v. State*, 682 S.W.2d 563, 564 (Tex.Crim.App.1985). For the plain view exception to the warrant requirement to attach, two requirements must be met: (1) the officer must be in a proper position to view the crime or lawfully be on the premises; and (2) the fact that the officer has discovered evidence must be immediately apparent. *Joseph v. State*, 807 S.W.2d 303, 308 (Tex.Crim. App.1991) (citing *Horton v. California*, 496 U.S. 128, 140–42, 110 S.Ct. 2301, 2310, 110 L.Ed.2d 112 (1990)). This second prong does not require the officer to "know" that certain

items are evidence of a crime. *Id.* (citing *Texas v. Brown,* 460 U.S. 730, 741, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983)). There must be probable cause to believe the property is associated with some criminal activity. *Id.* (citing *Arizona v. Hicks,* 480 U.S. 321, 326, 107 S.Ct. 1149, 1153, 94 L.Ed.2d 347 (1987)). An officer may rely on his training and experience to draw inferences and make deductions that might well elude an untrained person. *Brown,* 460 U.S. at 746, 103 S.Ct. at 1545.

■ A metal pipe is drug paraphernalia when it is intended for use or is used to contain, ingest, or inhale a controlled substance. TEX.HEALTH & SAFETY CODE ANN. § 481.002(17)(L)(i) (Vernon 1992). The term "drug paraphernalia" includes by specific statutory designation "an object used . . . in . . . inhaling marijuana, . . . including a metal . . . pipe with . . . a screen. . . ." *Id.* A person commits the offense of possession of drug paraphernalia if the person knowingly uses or possesses with intent to use drug paraphernalia to contain a controlled substance or to inhale into the human body a controlled substance. TEX.HEALTH & SAFETY CODE ANN. § 481.125(a) (Vernon 1992).

■ Deputy Tunches testified he saw an aluminum pipe with a bowl covered by metal mesh. He stated that, in his experience, this kind of pipe was normally used for smoking marijuana. Thus, the pipe met the definition of drug paraphernalia, and Tunches was entitled to seize it and arrest appellant for that offense, as well as for running a stop sign. TEX.CODE CRIM.PROC.ANN. art. 14.01(b) (Vernon 1989); TEX.REV.CIV.STAT.ANN. art. 6701d, § 153 (Vernon 1989). Moreover, Deputy Tunches was not required to *know* that the pipe was contraband before seizing it; his reasonable belief that it was contraband was sufficient. *Texas v. Brown,* 460 U.S. 730, 740–42, 103 S.Ct. 1535, 1542–43 (1983); *Joseph v. State,* 807 S.W.2d 303, 308 (Tex.Crim. App.1991), *Vercher v. State,* 861 S.W.2d 68, 70–71 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). Thus, the officer had probable cause to seize the pipe.

We overrule point of error one.

In point of error, two, appellant contends that the search of the console was an illegal inventory search. We disagree.

■ The search was justified as a valid search incident to arrest. *Carter v. State,* 775 S.W.2d 780, 782 (Tex.App.—Houston [1st Dist.] 1989, no pet.) (officer saw beer can in plain view in truck driven and solely occupied by an 18–year–old driver, which established probable cause to arrest for possession of alcoholic beverage by minor and justified search of vehicle). Moreover, the inventory search was reasonable. Deputy Tunches testified he conducted the search pursuant to guidelines established in his police training. This met the State's burden of establishing standard procedures for inventory searches. *Moberg v. State,* 810 S.W.2d 190, 195 (Tex. Crim.App.1991). Tunches also testified that appellant was alone, was under arrest, that no one was readily available to take possession of the car, and that the car was illegally parked because appellant had stopped right next to a stop sign. An inventory search was allowed under similar circumstances in *Mayberry v. State,* 830 S.W.2d 176, 180 (Tex. App.—Dallas 1992, no pet.).

Point of error two is overruled.

The judgment is affirmed.

HUTSON–DUNN, Justice, dissenting.

I respectfully dissent.

In point of error one, appellant argues that the trial court erred in overruling his motion to suppress. He contends the officer had no probable cause to seize the pipe because ownership of a pipe is not illegal; therefore there was nothing in "plain view."

A metal pipe is drug paraphernalia when it is intended for use or is used to ingest a controlled substance. TEX.HEALTH & SAFETY CODE ANN. § 481.002(17)(L)(i) (Vernon 1992). A person commits the offense of possession of drug paraphernalia "if the person knowingly or intentionally uses or possesses with intent to use drug paraphernalia to . . . inhale . . . into the human body a controlled substance . . ." TEX.HEALTH & SAFETY CODE ANN. § 481.125(a) (Vernon 1992).

Appellant cites *Arizona v. Hicks,* 480 U.S. 321, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987), in support of his argument that there was no probable cause. In *Hicks,* officers were inside an apartment after a bullet had come through the floor and injured the occupant when one of them noticed some expensive stereo equipment which seemed out of place in the "squalid and otherwise ill-appointed four room apartment." *Id.* at 323, 107 S.Ct. at 1151–52. Since he was suspicious that they were stolen, he moved some of the equipment in order to record the serial numbers. *Id.* He phoned the information in to headquarters, found that the equipment was stolen, and seized it. *Id.*

The Supreme Court first noted that moving the equipment was a search. *Id.* at 324–325, 107 S.Ct. at 1152. In discussing whether the search was reasonable, the court determined that the plain-view exception to the warrant requirement included the element of probable cause. *Id.* at 326, 107 S.Ct. at 1153. Therefore, the court held that the plain view doctrine did not sustain a seizure of the equipment in the case because the officer did not have probable cause to believe the equipment was stolen before he moved it. *Id.* at 325–329, 107 S.Ct. at 1153–55.

Appellant argues that the analysis is the same in this case; Tunches did not have probable cause to believe that the pipe was unlawfully possessed. Under the statute, possession of the pipe is not illegal unless it is "used or intended for use in ingesting, inhaling, or otherwise introducing marijuana ... into the human body...." TEX.HEALTH & SAFETY CODE ANN. § 481.002(17)(L)(i) (Vernon 1992). The majority omits this requirement. To merely possess such a pipe is not illegal. Appellant contends there was no probable cause to believe the pipe was used or to be used as drug paraphernalia until after he had seized it and examined it. I agree.

In this case, the officer testified that the pipe was small and made of aluminum with a bowl on one end covered by metal mesh. He stated that in his experience this kind of pipe was normally associated with smoking marijuana. This is not enough evidence to give the officer probable cause to believe that a legally owned pipe was "used or intended for use in ... inhaling" a controlled substance. The officer conceded that he did not see or smell marijuana before he saw the pipe. It could not be "immediately apparant" that the pipe was paraphernalia as there was no reason to believe that the pipe was used or intended to be used in an illegal manner.

In *Vercher v. State,* 861 S.W.2d 68, 70–71 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd), this Court held that the second prong of the plain view analysis was satisfied when an officer picked up a crack pipe from a car. In that case, appellant argued that the officer could not have distinguished the pipe from any other tool when he saw it on the floorboard at the edge of the seat, therefore, the officer did not have probable cause to believe it was contraband. *Id.* This Court found probable cause because of the officer's training and experience, the fact that appellant reached down toward the floorboard before getting out of the car, the officer's knowledge that the car pulled into the driveway of a house where drugs are sold. *Id.* at 71.

*Vercher* is distinguishable. Here, there were no furtive gestures and no testimony that the neighborhood was one where drugs were commonly found. The fact the officer's experience told him that these types of pipes are associated with smoking marijuana did not give him probable cause to believe that a pipe, which appeared to be legally possessed before he picked it up to examine it, was drug paraphernalia.

I would sustain point of error one.

I would reverse the trial court's denial of appellant's motion to suppress.