Affirmed and Memorandum Opinion filed May 1, 2003









Affirmed
and Memorandum Opinion filed May 1, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00413-CR

____________

 

HERROD J. ROSS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 886,097

 



 

M E M O R A N D U M   
O P I N I O N

Appellant Herrod J. Ross was convicted of the felony offense
of possession of a controlled substance, namely cocaine, in an amount less than
one gram.  Tex. Health & Safety Code Ann. '' 481.102(3)(D) and 481.115(b) (Vernon
Supp. 2003).  Asserting improper search
and seizure, he appeals the trial court=s denial of his motion to suppress
certain evidence.  We affirm.








FACTUAL AND PROCEDURAL HISTORY

On August 23, 2001, three Houston police officers were on
routine patrol in an area known for narcotic activity and observed a
fourteen-year-old female violating curfew, without adult supervision, in a
crowd of older people.  The juvenile was
detained and found to be in possession of a crack pipe with white residue.  She admitted she had recently been in Room
216 of a nearby motel, the Crosstimbers Inn, smoking crack cocaine with an
older man.  

Based on this information, one of the officers went to Room
216 of the Crosstimbers Inn.  He knocked
on the door and, after a “few minutes,” observed appellant answering the
knock.  A white flakey residue resembling
crack cocaine could be observed around appellant=s “lips and mouth areas.”  

When appellant saw the officer, he threw three small
rock-like substances of what appeared to be cocaine on the floor of the motel
room.  The rocks landed approximately six
inches from the door.

At this time, the officer asked appellant to step out of the
room.  Together with a second officer,
the officer secured appellant and entered appellant=s room to make sure no one else was
present.  The officers preserved and
secured the evidence on the floor.  The
rocks later tested positive for cocaine. 
This appeal arises from the trial court=s denial of appellant=s motion to suppress the cocaine.

SOLE ISSUE ON APPEAL

In his sole point of error, appellant contends the trial
court erred in denying his motion to suppress evidence recovered pursuant to
the police officers= warrantless entry of his motel room.  Appellant argues that because he did not give
permission to search the room and because no exigent circumstances existed to
justify a warrantless seizure, admission of the evidence seized by the police
was improper. 








STANDARD OF REVIEW

The standard of review of a trial court=s ruling on a motion to suppress is
abuse of discretion.  Villareal v.
State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Curry v. State, 965
S.W.2d 32, 33 (Tex. App.CHouston [1st Dist.] 1998, no pet.).  The appellate court shall independently
review a trial court=s determination of reasonable suspicion and probable cause,
because this requires the application of law to facts.  Ornelas v. United States, 517 U.S.
690, 697 (1996); Guzman v. State, 955 S.W.2d 85, 87B88 (Tex. Crim. App. 1997). 

The appellate court shall give great weight to the trial
court=s determination of historical facts
that the record supports, especially when the fact findings are based on
credibility and demeanor.  Id. at
89.  The amount of deference reviewing
courts afford trial courts= rulings on Amixed questions of law and fact@ (such as the issue of probable
cause), however, is often determined by which judicial actor is in a better
position to decide the issue.  Id.   

Absent specific historical findings of fact, the appellate
court reviews the evidence in the light most favorable to the trial court=s ruling.  Id. at 327B28.[1]  A trial court=s ruling must be upheld if supported
by any legal theory.  Romero v. State,
800 S.W.2d 539, 543 (Tex. Crim. App. 1990). 


DISCUSSION

Appellant argues on appeal that the trial court erred in
failing to suppress the cocaine found in appellant=s hotel room.  He asserts the search was improper because it
was warrantless, undertaken without permission, and lacked probable cause.  Appellant=s argument fails for two reasons.








1.         The cocaine
was lawfully seized under the “plain view” doctrine.

A police officer may approach a citizen without probable
cause or reasonable suspicion to ask questions or to request a search and, so
long as the person remains free to disregard the officer=s questions and go about his
business, there is no detention or intrusion upon the citizen=s liberty or privacy right
implicating the Fourth Amendment.  See
Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995).  Indeed, an officer may approach the front
door of a residence, knock on the door, and seek to speak with those
inside.  See Cornealius v. State,
900 S.W.2d 731, 734 (Tex. Crim. App. 1995); see also Katz v. United
States, 389 U.S. 347, 35188 S. Ct. 507 (1967) (what a person knowingly
exposes to the public, even in his own home, is not a subject of Fourth
Amendment protection); see also Rodriguez v. State, 653 S.W.2d 305, 307 (Tex.
Crim. App. 1983) (“Nothing in our Constitutions prevents a police officer from
addressing questions to citizens on the street; it follows that nothing would
prevent him from knocking politely on any closed door.”).  An officer may also approach the door of a
hotel or motel room.  Joseph v. State,
3 S.W.3d 627, 634 (Tex. App.CHouston [14th Dist.] 1999, no pet.) (“[W]hile
an individual has a right to privacy in a hotel room . . . a person=s expectation of privacy is not
violated when a police officer knocks on a door while investigating the
possible commission of an offense.”).








Although a search conducted without a warrant is per se unreasonable,
seizing contraband in plain view does not offend the Fourth Amendment because
the seizure of property in plain view involves no invasion of privacy and is
presumptively reasonable.  Walter v.
State, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000).[2]  Law enforcement personnel may seize items in
plain view if (1) law enforcement officials have a right to be where they are;
and (2) it is immediately apparent to them that they have evidence before them,
i.e., probable cause to associate the property with criminal activity.  Id.; Ramos v. State, 934 S.W.2d
358, 365 (Tex. Crim. App. 1996).

Here, the evidence presented at appellant=s suppression hearing supports a
finding that the cocaine was lawfully seized under the “plain view”
doctrine.  First, police were lawfully on
the premises when they knocked on appellant=s motel room door; second, police had
probable cause to suspect appellant was in possession of cocaine when they saw
(1) white flakes around appellant=s mouth, and (2) appellant held, and
then threw to the floorCin the officer=s presenceCthree rocks that, in the officer=s experience, resembled cocaine.  See id.; Nichols v. State, 886
S.W. 2d 324, 326 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d) (officer may rely on training and
experience to draw inferences); Tex.
Crim. Code Proc. Ann ' 14.01(b)(Vernon 1977). 

            Because
the police had a right to be outside appellant=s motel room door and because it was
immediately apparent to police they had contraband before them in “plain view,”
the officers were authorized to collect and seize the evidence they reasonably
believed to be associated with appellant=s crime.  See Joseph v. State, 807 S.W.2d 303,
307 (Tex. Crim. App. 1991); Nichols, 886 S.W.2d at 325B26. 


Thus, the trial court was correct in finding seizure of the
cocaine to be lawful.  See Ramos,
934 S.W.2d at 365; Bower, 769 S.W.2d at 896B97; Rodriguez, 653 S.W.2d at
307. 

2.         The cocaine
was lawfully seized as a result of a search incident to arrest.

Under Article 14.01 of the Texas Code of Criminal Procedure,
a peace officer may arrest a person without a warrant if that person commits an
offense in the presence or view of the peace officer.  Tex.
Crim. Proc. Code Ann. ' 14.01 (b) (Vernon 1997); Stull v. State, 772 S.W.2d
449, 452 (Tex. Crim. App. 1989); Gonzales v. State, 638 S.W.2d 41, 44 (Tex.
App.CHouston [1st Dist.] 1982, pet. ref=d). 








Once a police officer has made a lawful arrest, a search
incident to that arrest is also lawful.  Chimel
v. California, 395 U.S. 752, 762B63, 89 S. Ct. 2034, 2040 (1969); Williams
v. State, 726 S.W.2d 99, 101 (Tex. Crim. App. 1986).  Indeed, an arresting officer may search the
area “within the immediate control” of the person arrested, meaning the area
from which he might gain possession of a weapon or destroy evidence.  Chimel, 395 U.S. at 762B63; Jones v. State, 568 S.W.2d
847, 856 (Tex. Crim. App. 1978).  It is
beyond dispute that if a controlled substance is found as a result of a search
incident to arrest, it is not suppressed. Oles v. State, 993 S.W.2d 103,
106 (Tex. Crim. App. 1999). 

Here, an officer personally observed appellant in possession
of three rocks that he believed to be cocaine. 
Under subsection 481.115(b) of the Texas Health and Safety Code, it is
unlawful to possess cocaine.  Tex. Health & Safety Code Ann. '' 481.115(b) and 481.102(3)(D).  Appellant=s arrest, therefore, was lawful.

Because appellant was lawfully arrested, officers could
conduct a search of the area within appellant=s immediate control.  Chimel, 395 U.S. at 762B63. 
Seizure of the cocaine, therefore, was also lawful.  U.S.
Const. amend. IV.

Accordingly, we overrule appellant=s sole point of error and affirm the judgment of the
trial court. 

 

 

 

 

/s/        John S. Anderson

Justice

 

 

 

 

 

Judgment rendered
and Memorandum Opinion filed May 1, 2003.

Panel consists of
Justices Anderson, Seymore, and Guzman.

Do Not PublishCTex. R. App.
P. 47.2(b).











[1]  Appellant did
not file a written motion to suppress, nor does the record include a written
order denying the motion.  The record
does contain appellant=s verbal motion, however, as well as hearing testimony
by Officer Newman and an oral ruling by the trial court.  





[2]  The Supreme
Court has held there is no legitimate expectation of privacy in an object
readily observable by officers from a lawful vantage point.  Minnesota v. Dickerson, 508 U.S. 366,
375, 113 S. Ct. 2130 (1993).