NO. 07-06-0083-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 5, 2006


______________________________



IN THE INTEREST OF B. J. L., a child


_________________________________



FROM THE 364th DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-517,417; HON. BRADLEY S. UNDERWOOD, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J. and REAVIS and CAMPBELL, JJ.

 Daryl M. Washington appeals from an order terminating his parental rights to his
daughter B. J. L. The trial court appointed Washington counsel to represent him on
appeal. Thereafter, his appointed counsel filed an Anders (1) brief and motion to withdraw. (2) 
In the brief, appellate counsel certified that she diligently reviewed the record and
concluded the appeal was meritless. So too did counsel inform her client of her conclusion
and of his right to review the record and file a pro se response to the brief and motion. 
This court also informed Washington in writing of counsel's motion and brief and of his right
to respond by August 16, 2006. Washington has failed to do so.

 Appellate counsel discussed one possible issue for appeal but then explained why
the issue was not viable. (3) We also reviewed the record as we are obligated to do to
discover any arguable grounds of appeal. Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991). Upon conducting that review, we determined that Washington 1) had
notice of the grounds proffered for terminating his parental rights except for his failure to
comply with a court order, and 2) appeared at the hearing and had the opportunity to
defend against those grounds through use of counsel, the presentation of evidence, and
the cross-examination of adverse witnesses. Furthermore, the evidence presented at trial
legally and factually supports one or more of the findings that Washington 1) engaged in
conduct or knowingly placed the child with persons who engaged in conduct that
endangered the physical or emotional well-being of the child, 2) voluntarily, and with
knowledge of the pregnancy, abandoned the child's mother beginning at a time during her
pregnancy with the child and continuing through the birth, failed to provide adequate
support or medical care for the mother during the period of abandonment before the birth
of the child, and remained apart from the child or failed to support the child since the birth,
and 3) knowingly engaged in criminal conduct that has resulted in his conviction of an
offense and confinement or imprisonment and inability to care for the child for not less than
two years from the date the petition was filed. (4) However, we do not find in the record a
petition alleging the failure to comply with a court order as a ground for termination. 
Because Washington did not receive notice of the latter allegation, the trial court cannot
rely on it as a basis for termination. See In the Interest of S.R.M., 601 S.W.2d 766, 769
(Tex. Civ. App.-Amarillo 1980, no writ) (stating that the statutory grounds for termination
must be stated in the petition). Therefore, we will reform the judgment accordingly. The
record also contains evidence upon which the court could clearly and convincingly find that
termination of Washington's parental rights was in the best interest of the child. 

 Having found no arguable merit to the appeal, we reform the judgment by removing
paragraph 7(d) (involving Washington's alleged failure to comply with a court order) as a
ground warranting termination and affirm the order as modified. So too do we grant
counsel's motion to withdraw.


 Brian Quinn 

 Chief Justice 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. The trial court appointed appellate counsel to represent Washington via the directives contained in
the Texas Family Code. Tex. Fam. Code Ann. §107.013 (Vernon Supp. 2006) (stating that an indigent parent
is entitled to appointed counsel in proceedings to terminate the parent/child relationship). 
3. The issue is with respect to the trial court's extension of the termination suit one day after the
statutory deadline. See Tex. Fam. Code Ann. §263.401(Vernon Supp. 2006). However, the State non-suited
the lawsuit against Washington before any adjudication of his rights making the issue moot.
4. The trial court's decision may be affirmed if the evidence supports the existence of one statutory
ground assuming that the State also proved that termination was in the best interest of the child. In re A.V.,
113 S.W.3d 355, 362 (Tex. 2003). 



miHidden="false"
 UnhideWhenUsed="false" Name="Light Grid"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0326-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



FEBRUARY
14, 2011

 



 

JOSHUA RICKY CHANCY,  

 

                                                                                         Appellant

v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

___________________________

 

FROM THE 242ND DISTRICT COURT OF CASTRO
COUNTY;

 

NO. A3258-1003; HONORABLE EDWARD LEE
SELF, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

            Joshua Ricky
Chancy challenges the legal sufficiency of the evidence to sustain his
conviction of tampering with evidence.  We
affirm the judgment. 

            In determining
the legal sufficiency of the evidence, we review the record in the light most
favorable to the verdict to ascertain whether a rational trier of fact could
have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979). To convict appellant of tampering with evidence, the State was required
to prove that, knowing that an offense had been committed, appellant
intentionally or knowingly destroyed a glass methamphetamine pipe with intent
to impair its availability as evidence in any subsequent investigation or
official proceeding related to the offense. 
Tex. Penal Code Ann. §37.09(d)(1)
(Vernon Supp. 2010).  Appellant contends the
evidence is insufficient to show that he knew that an offense, i.e. possession of drug paraphernalia,
had been committed because there is no evidence that he possessed a drug pipe
with intent to use it to inject, ingest, inhale, or otherwise introduce a
controlled substance into his body.  Tex. Health & Safety Code Ann. §481.125(a)
(Vernon 2010).

            On February
5, 2010, Officers Julian Dominguez and Louis Liscano attempted to serve an
arrest warrant on appellant in Dimmitt at the residence of his mother.  They were assisted by Deputy Miguel
Pantoja.  Appellant first attempted to
avoid them by leaving via another door of the house.  However, he eventually came to the front door
and cursed at the officers.  During a
subsequent pat-down search of appellant by Dominguez, appellant used his right
hand to reach into his pocket and pull out a glass pipe.  He attempted to hand the pipe to his mother
but when he was unable to reach her, he pushed the officer and smashed the pipe
against the porch shattering the pipe. 

            In
determining whether an item is drug paraphernalia, an authority may consider,
among other things:  1) statements made
by an owner or person in control of the object concerning its use, 2) the
existence of any residue of a controlled substance on the object, 3) the
existence and scope of uses for the object in the community, 4) the physical
design characteristics of the item, and 5) expert testimony concerning the
items use.  Id. §481.183 (a) (1), (2) ,(9), (10) & (11).  Evidence in support of the finding that the
item was a drug pipe and appellant knew it to be one includes:  1) appellants forceful action in attempting
to remove the pipe from his person and smash it (which one would presumably not
do with an item that was not contraband), 2) testimony from Dominguez that, in
thirty-one years experience in law enforcement, he has seen a number of drug
pipes and this one was consistent with pipes used to ingest, inhale, or smoke
methamphetamine, crack, or cocaine, 3) testimony from Pantoja that, based on
his training and experience, the pieces of glass appeared to be a meth pipe,
4) testimony from Dominguez that there appeared to be a frosted look to the
pipe, and 5) testimony from Pantoja that he observed white residue which
appeared to be contraband on some of the pieces of glass. This evidence, viewed
in its most favorable light, is sufficient to support the jurys determination
that the item constituted drug paraphernalia. 
See Nichols v. State, 886
S.W.2d 324, 326 (Tex. App.Houston [1st Dist.] 1994, pet. refd)
(holding that testimony from a deputy that he saw an aluminum pipe with a bowl
covered by metal mesh and that in his experience this kind of pipe was normally
used to smoke marijuana met the definition of drug paraphernalia).

            Accordingly,
the evidence is sufficient to sustain the conviction, and the judgment is
affirmed.        

 

                                                                                    Per
Curiam 

Do
not publish.

                                                                                                











[1]Senior Justice John T. Boyd, retired, sitting by assignment.