NO. 07-10-0326-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL E

 FEBRUARY 14, 2011

 JOSHUA RICKY CHANCY,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 ___________________________

 FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

 NO. A3258-1003; HONORABLE EDWARD LEE SELF, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]
 Joshua Ricky Chancy challenges the legal sufficiency of the evidence to sustain his conviction
of tampering with evidence. We affirm the judgment.
 In determining the legal sufficiency of the evidence, we review the record in the light most
favorable to the verdict to ascertain whether a rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99
S.Ct. 2781, 61 L.Ed.2d 560 (1979). To convict appellant of tampering with evidence, the State was
required to prove that, knowing that an offense had been committed, appellant intentionally or
knowingly destroyed a glass methamphetamine pipe with intent to impair its availability as evidence
in any subsequent investigation or official proceeding related to the offense. Tex. Penal Code Ann.
§37.09(d)(1) (Vernon Supp. 2010). Appellant contends the evidence is insufficient to show that he
knew that an offense, i.e. possession of drug paraphernalia, had been committed because there is no
evidence that he possessed a drug pipe with intent to use it to inject, ingest, inhale, or otherwise
introduce a controlled substance into his body. Tex. Health & Safety Code Ann. §481.125(a) (Vernon
2010).
 On February 5, 2010, Officers Julian Dominguez and Louis Liscano attempted to serve an arrest
warrant on appellant in Dimmitt at the residence of his mother. They were assisted by Deputy Miguel
Pantoja. Appellant first attempted to avoid them by leaving via another door of the house.
However, he eventually came to the front door and cursed at the officers. During a subsequent pat-
down search of appellant by Dominguez, appellant used his right hand to reach into his pocket and
pull out a glass pipe. He attempted to hand the pipe to his mother but when he was unable to reach
her, he pushed the officer and smashed the pipe against the porch shattering the pipe.
 In determining whether an item is drug paraphernalia, an authority may consider, among other
things: 1) statements made by an owner or person in control of the object concerning its use, 2)
the existence of any residue of a controlled substance on the object, 3) the existence and scope of
uses for the object in the community, 4) the physical design characteristics of the item, and 5)
expert testimony concerning the item’s use. Id. §481.183 (a) (1), (2) ,(9), (10) & (11). Evidence
in support of the finding that the item was a drug pipe and appellant knew it to be one includes:
1) appellant’s forceful action in attempting to remove the pipe from his person and smash it (which
one would presumably not do with an item that was not contraband), 2) testimony from Dominguez that,
in thirty-one years experience in law enforcement, he has seen a number of drug pipes and this one
was consistent with pipes used to ingest, inhale, or smoke methamphetamine, crack, or cocaine, 3)
testimony from Pantoja that, based on his training and experience, the pieces of glass appeared to
be a “meth pipe,” 4) testimony from Dominguez that there appeared to be a frosted look to the pipe,
and 5) testimony from Pantoja that he observed white residue which appeared to be contraband on some
of the pieces of glass. This evidence, viewed in its most favorable light, is sufficient to support
the jury’s determination that the item constituted drug paraphernalia. See Nichols v. State, 886
S.W.2d 324, 326 (Tex. App.–Houston [1st Dist.] 1994, pet. ref’d) (holding that testimony from a
deputy that he saw an aluminum pipe with a bowl covered by metal mesh and that in his experience
this kind of pipe was normally used to smoke marijuana met the definition of drug paraphernalia).
 Accordingly, the evidence is sufficient to sustain the conviction, and the judgment is
affirmed.

 Per Curiam
Do not publish.

-----------------------
 [1]Senior Justice John T. Boyd, retired, sitting by assignment.