NO. 07-10-0326-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 14, 2011

JOSHUA RICKY CHANCY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NO. A3258-1003; HONORABLE EDWARD LEE SELF, PRESIDING

*Memorandum Opinion*

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

Joshua Ricky Chancy challenges the legal sufficiency of the evidence to sustain his conviction of tampering with evidence. We affirm the judgment.

In determining the legal sufficiency of the evidence, we review the record in the light most favorable to the verdict to ascertain whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). To convict appellant of

_____

[1]Senior Justice John T. Boyd, retired, sitting by assignment.

tampering with evidence, the State was required to prove that, knowing that an offense had been committed, appellant intentionally or knowingly destroyed a glass methamphetamine pipe with intent to impair its availability as evidence in any subsequent investigation or official proceeding related to the offense. TEX. PENAL CODE ANN. §37.09(d)(1) (Vernon Supp. 2010). Appellant contends the evidence is insufficient to show that he knew that an offense, *i.e.* possession of drug paraphernalia, had been committed because there is no evidence that he possessed a drug pipe with intent to use it to inject, ingest, inhale, or otherwise introduce a controlled substance into his body. TEX. HEALTH & SAFETY CODE ANN. §481.125(a) (Vernon 2010).

On February 5, 2010, Officers Julian Dominguez and Louis Liscano attempted to serve an arrest warrant on appellant in Dimmitt at the residence of his mother. They were assisted by Deputy Miguel Pantoja. Appellant first attempted to avoid them by leaving via another door of the house. However, he eventually came to the front door and cursed at the officers. During a subsequent pat-down search of appellant by Dominguez, appellant used his right hand to reach into his pocket and pull out a glass pipe. He attempted to hand the pipe to his mother but when he was unable to reach her, he pushed the officer and smashed the pipe against the porch shattering the pipe.

In determining whether an item is drug paraphernalia, an authority may consider, among other things: 1) statements made by an owner or person in control of the object concerning its use, 2) the existence of any residue of a controlled substance on the object, 3) the existence and scope of uses for the object in the community, 4) the physical design characteristics of the item, and 5) expert testimony concerning the item's use. *Id.* §481.183 (a) (1), (2) ,(9), (10) & (11). Evidence in support of the finding

2

that the item was a drug pipe and appellant knew it to be one includes: 1) appellant's forceful action in attempting to remove the pipe from his person and smash it (which one would presumably not do with an item that was not contraband), 2) testimony from Dominguez that, in thirty-one years experience in law enforcement, he has seen a number of drug pipes and this one was consistent with pipes used to ingest, inhale, or smoke methamphetamine, crack, or cocaine, 3) testimony from Pantoja that, based on his training and experience, the pieces of glass appeared to be a "meth pipe," 4) testimony from Dominguez that there appeared to be a frosted look to the pipe, and 5) testimony from Pantoja that he observed white residue which appeared to be contraband on some of the pieces of glass. This evidence, viewed in its most favorable light, is sufficient to support the jury's determination that the item constituted drug paraphernalia. *See Nichols v. State,* 886 S.W.2d 324, 326 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd) (holding that testimony from a deputy that he saw an aluminum pipe with a bowl covered by metal mesh and that in his experience this kind of pipe was normally used to smoke marijuana met the definition of drug paraphernalia).

Accordingly, the evidence is sufficient to sustain the conviction, and the judgment is affirmed.


                                        Per Curiam
Do not publish.