**Opinion issued November 21, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-01101-CR

———————————

**TROY ANDRE BIENVENUE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Case No. 1244282**

## MEMORANDUM OPINION

Appellant, Troy Andre Bienvenue, was placed on deferred adjudication community supervision after being charged by indictment with possession of a controlled substance with intent to deliver. About two years later, the State filed a motion to adjudicate guilt. Appellant filed a motion to suppress. The trial court

denied the motion to suppress, adjudicated appellant guilty of the charged offense, and sentenced him to 45 years' confinement. In one issue, appellant argues the trial court abused its discretion by denying his motion to suppress.

We affirm.

## Background

Appellant, Troy Andre Bienvenue, was charged by indictment on December 11, 2009 with possession of a controlled substance with intent to deliver. The indictment included two enhancement paragraphs, alleging two prior felony drug possession convictions. Appellant pleaded guilty to the charged offense without an agreed recommendation on the sentence. The trial court found the enhancement allegations true but deferred a finding of guilt, placing appellant on community supervision.

Two years later, the State filed a motion to adjudicate guilt based, in part, on appellant's commission of a new offense on November 29, 2011. At the hearing, appellant moved for the trial court to suppress the evidence obtained from his truck on November 29 based on an allegation of a warrantless search.

At the hearing, the State presented the testimony of Officer M. Baccus, a member of the Houston Police Department's narcotics division. Officer Baccus testified that, on November 29, he received a call from a confidential informant about a "pill mill" running an operation at a pharmacy in Harris County. The

2

confidential informant told him that there were six or more people in an Isuzu truck at the pharmacy.

In a "pill mill," someone will hire homeless or unemployed people to go to clinics making certain health complaints that will result in obtaining a desired drug prescription. That person will then drive the individuals to a pharmacy to obtain the prescribed drugs. Those drugs are then sold on the street.

Officer Baccus told the informant to call him back if he heard anything more. Later that day, the informant called back and told Officer Baccus that the Isuzu was going to a Bass Pro Shop. Officer Baccus and about nine other officers went to the Bass Pro Shop. Officer Baccus drove around the lot and found a blue Isuzu truck with seven people in it. He parked close to the truck.

A short time later, a Buick arrived and parked about 30 feet from the truck. The driver of the Isuzu got out and carried a blue and white bag to the driver of the Buick. The driver of the Isuzu walked back to his truck. After that, appellant drove into the parking lot and parked in the space next to the Buick. Appellant's truck and the Buick were parked so that the passenger side of each car faced each other. The driver of the Buick and appellant got out of their cars and met in the space between them. The driver of the Buick gave appellant a Wal-Mart bag and appellant gave the driver of the Buick cash. They both returned to their cars.

Officer Baccus testified that what he observed was similar to what he had seen in other narcotics investigations. He signaled the other officers, and they all approached. Appellant had opened the driver-side door and placed the Wal-Mart bag behind the driver-side seat. Before getting into the car, he noticed the police officers approaching. Officer Baccus testified that appellant made some attempt to walk away from the scene, was told to stop, and complied.

Appellant was handcuffed relatively quickly and taken to the back of the truck. Appellant's driver-side door was still open. Officer Baccus looked in, saw the Wal-Mart bag behind the seat, and saw a number of prescription pill bottles inside the bag. Appellant was then formally arrested.

Appellant testified for the motion to suppress. He acknowledged he was there to make a drug buy. But he testified that the driver of the Buick got into his truck, and the exchange occurred there. He also testified that he put the bag of drugs into a compartment between the seats so that they could not be seen without opening the console. At this point, the officers approached his truck with guns drawn, opened the car door, and pulled him out of the truck.

The trial court denied the motion to suppress.

### Standard of Review

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App.

2010). We afford almost total deference to a trial court's determination of historical facts. *Id.* The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Id.* When a trial court makes written findings of fact, as it did in the instant case, a reviewing court must examine the record in the light most favorable to the ruling and uphold those fact findings so long as they are supported by the record. *See id.* We then proceed to a de novo determination of the legal significance of the facts as found by the trial court. *See Derichsweiler v. State*, 348 S.W.3d 906, 913 (Tex. Crim. App. 2011).

## Motion to Suppress

Appellant and the State dispute whether appellant was under arrest or subject to an investigative detention at the time that Officer Baccus discovered the drugs. Appellant argues that the evidence of the drugs should have been suppressed because he was under arrest, the arrest was illegal, and the officers accordingly lacked authority to seize the drugs pursuant to a search incident to arrest. We hold that, regardless of whether appellant was under arrest and regardless of whether any such arrest was legal, the drugs were lawfully seized and, accordingly, the trial court did not abuse its discretion by denying the motion to suppress.

The Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution protect individuals against unreasonable

searches and seizures.  U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; *State v. Betts*, 397 S.W.3d 198, 203 (Tex. Crim. App. 2013).  Warrantless searches are per se unreasonable unless the State can prove that the search was conducted pursuant to a recognized exception to the warrant requirement.  *Arizona v. Gant*, 556 U.S. 332, 338, 129 S. Ct. 1710, 1716 (2009) (citing *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 514 (1967)).  A search incident to a lawful arrest is one of the recognized exceptions to the warrant requirement.  *Id.*

All evidence obtained as a result of an unlawful arrest must be suppressed under the "fruit of the poisonous tree" doctrine.  *State v. Iduarte*, 268 S.W.3d 544, 550 (Tex. Crim. App. 2008).  But this does not function as a blanket suppression of all evidence obtained from the point of the unlawful arrest onward.  Instead, it operates to exclude all evidence obtained "by exploitation of that illegality."  *Id.* (citing *Armstrong v. State*, 550 S.W.2d 25, 31 (Tex. Crim. App. 1976)).  Other evidence obtained in a lawful manner is not suppressed.  *Id.*

Additionally, we must affirm the trial court's ruling if it is supported by any valid legal theory of law, even if that theory was not argued to the trial court. *Miller v. State*, 393 S.W.3d 255, 263 (Tex. Crim. App. 2012).  We are not limited, then, to only considering whether appellant was under arrest and whether that arrest was lawful at the time the drugs were seized.

At trial, Officer Baccus testified that he saw the drugs in plain view. "The 'plain view' seizure doctrine is another exception to the warrant requirement." *State v. Elrod*, 395 S.W.3d 869, 879 (Tex. App.—Austin 2013, no pet.). Under this doctrine, an officer may seize an item without a warrant if "(1) the officer sees an item in plain view at a vantage point where he has the right to be, and (2) it is immediately apparent that the item seized constitutes evidence—that is, there is probable cause to associate the item with criminal activity." *Id.* "The Supreme Court has construed 'immediately apparent' to mean simply that the viewing officers must have probable cause to believe an item in plain view is contraband before seizing it." *State v. Dobbs*, 323 S.W.3d 184, 189 (Tex. Crim. App. 2010). "An officer may rely on his training and experience to draw inferences and make deductions that might well elude an untrained person." *Nichols v. State*, 886 S.W.2d 324, 326 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (citing *Texas v. Brown*, 460 U.S. 730, 746, 103 S. Ct. 1535, 1545 (1983)).

Officer Baccus testified that he was standing in the parking lot looking into appellant's truck. The door to the truck was open. He testified that he could see the bag behind the driver's side seat. The bag was open, and Officer Baccus testified that he could see four prescription bottles from his vantage point. This satisfies the first element for seizing an item under the plain view doctrine. *See Elrod*, 395 S.W.3d at 879.

Concerning the second element, while the possession of prescription bottles alone is not inherently suggestive of criminal activity, this is not the inquiry. Otherwise ordinary objects can give rise to probable cause to associate the item with criminal activity given the appropriate surrounding circumstances. *See Gonzales v. State*, 648 S.W.2d 684, 686 (Tex. Crim. App. 1983) (holding objects that are not inherently suspicious can become so under certain circumstances); *Dobbs*, 323 S.W.3d at 185, 188 (holding golf clubs and shirts seen in plain view could be lawfully seized upon learning that similar golf clubs had been reported stolen).

Officer Baccus had received information from a confidential informant that prescription drugs had been obtained in a "pill mill" operation. He was also told by the informant that the exchange would be taking place at a Bass Pro Shop parking lot. He found a truck matching the description given in the parking lot and observed a transaction similar to what he had observed in other narcotics investigations. The bag that appellant had received in exchange for cash contained four prescription bottles. We hold this is sufficient to establish probable cause to associate the prescription drugs with criminal activity. *See Elrod*, 395 S.W.3d at 879–80.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).