**Rural M. MILLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00007–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 20, 1985.

**726**

Gregory W. Canfield, San Antonio, for appellant.

Sam Millsap, Jr., Mary Esther Hernandez, Charles Estee, San Antonio, for appellee.

Before CANTU, TIJERINA and DIAL, JJ.

## OPINION

CANTU, Justice.

Appellant was convicted upon a plea to guilty of the misdemeanor offense of pos-

session of marihuana, two ounces or less. In keeping with a plea bargain agreement the trial court assessed punishment at confinement for one day and a fine of one hundred dollars ($100.00).

Appellant's sole ground of error on appeal stems from the overruling of his motion to suppress disposed of by adverse ruling prior to the entry of his guilty plea. *See* TEX.CODE CRIM.PROC.ANN. art. 44.02.

The sole contention raised on appeal alleges trial court error in the overruling of his motion to suppress because the arresting officer allegedly did not have probable cause upon which to base a search or an investigative stop. We overrule the contention and affirm the judgment of the trial court.

On September 7, 1983, officer James McCourt of the Universal City Police Department while on routine patrol, at about 4:45 A.M., observed a parked pickup truck in the parking lot of a Universal City H.E.B. grocery store.[1] Both doors of the truck were open and no one was visibly attending to the vehicle. McCourt considered this strange considering the time. Only one car appeared to be parked in the vicinity of the truck.

The officer was aware that a rash of car burglaries had occurred at that grocery store parking lot a week or two prior and believing that a burglary of the pickup truck was in progress decided to investigate.

McCourt parked his vehicle to the left rear of the truck, got out and walked toward the driver's side of the truck. He then noticed legs sticking out of the driver's side entrance to the vehicle. As he approached the truck, appellant got out.

McCourt then inquired of appellant as to what was going on while at the same time looking into the open vehicle in search of possible weapons. The glove compartment was open, and McCourt observed a clear

---

1. The store maintained continuous business hours and was open for business at the time.

plastic baggie containing a green substance that he believed to be marihuana.[2]

At that very moment appellant instructed another individual in the truck to shut the glove compartment, and the individual, later identified as Dwayne Wilson, complied with the request.

Appellant and Wilson were then asked to step away from the truck as McCourt reached toward the glove compartment. Appellant attempted to prevent the opening of the compartment by insisting that the opening of the compartment would constitute an illegal search.

McCourt, nevertheless, opened the compartment and retrieved the plastic baggie containing the suspected marihuana. Based upon his prior experience as a police officer, McCourt knew that plastic baggies are commonly used to package and carry marihuana. At the very time appellant instructed Wilson to shut the glove compartment, McCourt believed the contents of the baggie to be marihuana.

Appellant and his companion Wilson both testified. Their version of the incident placed McCourt in possession of a flashlight as he approached the truck. McCourt did not remember whether or not he possessed and used a flashlight at the time.[3]

According to appellant McCourt conducted a search of the truck interior with his flashlight and by leaning into the interior.

Appellant argues on appeal that the seizure was unlawful because the plain view exception to warrantless searches and seizures was inapplicable. This argument is based upon two contentions; that there was an insufficient basis to support McCourt's conclusion that the substance seen in the baggie was contraband and that McCourt was not legitimately in a position to view the contraband.

The first contention finds reliance upon McCourt's admission that although he could tell the contents of the baggie was a green substance, he was not positive that it was marihuana and could have been alfalfa.

The second contention finds reliance in appellant's characterization of the investigation as a stop and detention. Neither contention is premised upon a correct assessment of the record.

Appellant's first contention was rejected in *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983).

■ The seizure of property in plain view involves no invasion of privacy and is presumptively reasonable assuming that there is probable cause to associate the property with criminal activity. *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), that is to say, plain view is but an extension of whatever the prior justification for an officer's access to an object may be. *Texas v. Brown*, 460 U.S. at 736, 103 S.Ct. at 1540, 75 L.Ed.2d at 511.

■ Information obtained as a result of observation of an object in plain sight may be the basis for probable cause or reasonable suspicion of illegal activity. Thus, if while lawfully engaged in an activity in a particular place, police officers perceive a suspicious object they may seize it immediately. *Texas v. Brown*, 460 U.S. at 736, 103 S.Ct. at 1540, 75 L.Ed.2d at 511–512.

We observe initially that a stop is not involved nor did a detention precede the plain view of the contraband.

Appellant's vehicle was already stopped and parked in an area accessible to the public in general. That being the case, McCourt had the same right as did anyone on the premises to view that which appellant deliberately placed in plain view. Appellant exhibited no legitimate expectation of privacy by his conduct. In short,

---

2. Both appellant and McCourt agreed that the parking lot was well lighted. Appellant admitted that the interior dome light was on at the time McCourt approached him and insisted that McCourt shined his flashlight into the interior of the truck.

3. Even if an issue of lighting had been made, the use of a flashlight by McCourt would avail appellant of nothing. *See United States v. Lee*, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202 (1927).

McCourt's observation was not a search within the meaning of the Fourth Amendment.

Once having viewed the suspected contraband, it is immaterial that McCourt was not absolutely certain that the contents of the baggie were marihuana.

█ Probable cause merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief, *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925), that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); *Texas v. Brown, supra.*

The evidence thus collected must be seen and weighed not in terms of library analysis by scholars but as understood by those versed in the field of law enforcement. *United States v. Cortez*, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621, 629 (1981).

█ McCourt testified that he had seen marihuana twenty to thirty times prior to the instant case and that it was common for marihuana to be rolled up in plastic baggies. Based upon his experiences with contraband and particularly with marihuana, McCourt was justified in believing that the substance was marihuana. *Gonzales v. State*, 648 S.W.2d 684 (Tex.Crim.App.1983); *Miller v. State*, 608 S.W.2d 684 (Tex.Crim. App.1980).

McCourt lawfully seized that which he observed in plain view from a position legitimately occupied at the time. *Sanchez v. State*, 589 S.W.2d 422 (Tex.Crim.App.1979); *Berry v. State*, 579 S.W.2d 487 (Tex.Crim. App.1979); *Legall v. State*, 463 S.W.2d 731 (Tex.Crim.App.1971).

Appellant's sole ground of error is overruled and the judgment of the trial court is affirmed.

TIJERINA, Justice, dissenting.

I respectfully dissent.

This appeal concerns the search and seizure of evidence from a parked automobile. Appellant filed a pre-trial motion to suppress the evidence and after an evidentiary hearing, the motion was overruled.

The record shows that appellant and his friend Wilson were in a pick-up truck which was parked in the parking lot of an H.E.B. store at 4:45 a.m. The store was open, the parking lot was well lighted and the door on the driver's side was open. The police officer was on routine patrol, stopped his vehicle and approached appellant's pick-up from the rear. He stated that he had a "hunch" something was going on; that he thought some one needed help or someone was burglarizing the truck. The officer asked appellant what he was doing and at the same time appellant told Wilson to close the glove compartment. The officer, shining his flashlight into the truck, saw a clear plastic sandwich bag containing a green substance. Appellant and Wilson were ordered to back away from the pickup truck, whereupon the officer searched inside the vehicle and seized the bag and its contents. The police officer on cross-examination admitted the green substance could have been something other than marihuana, such as alfalfa.

A review of the case law in this regard indicates that a suspicious individual may be briefly stopped to determine his identity or to maintain the status quo and considered reasonable in light of the facts known to the officer at the time. *Adams v. Williams*, 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1972). Hence, a police officer without probable cause to arrest may justify a temporary detention for the purposes of investigation since an investigation is considered to be a lesser intrusion upon the personal security of the individual. *Leighton v. State*, 544 S.W.2d 394, 397 (Tex.Crim.App.1976). An occupant of an automobile is just as subject to a brief detention or stop as a pedestrian. *Shaffer v. State*, 562 S.W.2d 853, 854 (Tex. Crim.App.1978). *However, the temporary*

*investigative detention must be based on circumstances that distinguish the activity of the detained person from that of any other citizen and made on an objective perception of events rather than the subjective feelings of the officer.* Armstrong v. State, 550 S.W.2d 25, 30 (Tex. Crim.App.1977) (on rehearing).

In the instant case the State's burden was to justify the officer's investigation of the parked vehicle in accordance with the mandate of the United States Supreme Court in *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968):

> In order to justify an intrusion, by means of physical force or show of authority, however slight it might be, the officer involved must be able to point to specific and articulable facts which in light of his experience and general knowledge taken together with rational inferences from those facts, reasonably warrant that intrusion.

Mere suspicions or the officer's "hunch" will not meet the test. *United States v. Brignoni-Ponce,* 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *Hull v. State,* 613 S.W.2d 735, 738–39 (Tex.Crim.App. 1981); *Armstrong v. State, supra.* The United States Supreme Court has now promulgated the standard for the determination of this question. In *United States v. Cortez,* 449 U.S. 411, 417–18, 101 S.Ct. 690, 694–95, 66 L.Ed.2d 621 (1981), the Court stated: that on consideration of the totality of the circumstances, "the detaining officer must have a *particularized and objective basis for suspecting the particular person stopped of criminal activity.*" (Emphasis ours.)

The State does not challenge the inherent issue of whether appellant had a legitimate expectation of privacy to the vehicle and its contents; therefore, we assume that he had such constitutional protection. U.S. CONST. amend. IV; TEX.CONST. art. I, § 9. We now address the question of whether the officer had an objective, particularized basis for suspecting appellant of criminal activity. The parking lot at the H.E.B. store was well lighted. Even con-

sidering the lateness of the hour, the fact remains that the store was open for business. Appellant's wife was inside the store shopping. The truck was properly parked; hence, there were no traffic violations at issue. The officer had no adverse information about appellant or the vehicle. He did not, prior to the intrusion, see the commission of a criminal offense nor was there any evidence of suspicious criminal activity. The justification alleged was that the officer had a hunch and thought someone could be burglarizing the truck. Where the events are as consistent with innocent activity as with criminal activity, a detention based on those events is unlawful. *Gearing v. State,* No. 906–83 (Tex.Crim. App., July 18, 1984) (not yet reported); *Johnson v. State,* 658 S.W.2d 623, 626 (Tex. Crim.App.1983); *Shaffer v. State,* 562 S.W.2d 853, 855 (Tex.Crim.App.1978).

The State argues that the evidence was in plain view and that the seizure of the evidence was therefore lawful. The "Plain View" doctrine permits an officer to seize contraband which he sees in plain sight or open view provided his presence at the scene is lawful. *DeLao v. State,* 550 S.W.2d 289, 291 (Tex.Crim.App.1977). The requirements of the "Plain View" doctrine were articulated in *Coolidge v. New Hampshire,* 403 U.S. 443, 468–71, 91 S.Ct. 2022, 2039–41, 29 L.Ed.2d 564 (1971), where the Court prescribed the following test: (1) the officer must make a lawful "initial intrusion"; (2) the evidence must be discovered inadvertently, and (3) it must be immediately apparent that the items seized are evidence of a crime. In *Texas v. Brown,* 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979), a divided Supreme Court rendered a plurality decision disagreeing in some respects with *Coolidge v. New Hampshire, supra.* However, the automobile in *Brown* was lawfully detained at a license check point when the officer saw in plain view a balloon knotted near the tip. The court stated that a probable cause to associate the evidence with criminal activity was sufficient. Similarly in *Razo v. State,* 577 S.W.2d 709 (Tex.Crim.App.1979), the officer lawfully stopped defendant's vehicle for

a license check and while in the process of checking the driver's license detected a strong smell of marijuana. In *Isam v. State*, 582 S.W.2d 441, 444 (Tex.Crim.App. 1979), appellant stopped his automobile at a traffic light and as the officers approached they smelled marijuana. In the case at bar the officer stopped his patrol car and approached appellant's vehicle for the purpose of making an investigation. He asked appellant, "What are you doing?" and then looked inside the parked vehicle. At such time the officer did not have a particularized and objective suspicion that appellant was engaged in criminal activity. Therefore, the initial intrusion concededly made on an inarticulable "hunch" was unlawful. Accordingly, I would reverse the judgment and discharge appellant. *See Greene v. Massey*, 437 U.S. 19, 24, 98 S.Ct. 2151, 2154, 57 L.Ed.2d 15 (1978).