COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
JOSE PEREZ,                                                      )                  No. 08-04-00050-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  409th District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20030D04267)

O P I N I O N

            Jose Perez appeals his conviction for possession of cocaine in an amount less than one gram. 
Appellant pled guilty and was sentenced to 363 days in jail, probated to two years’ community
supervision and a $1,000 fine probated to $500. Appellant’s right to appeal the denial of his motion
to suppress was certified by the trial court. We affirm.
FACTUAL SUMMARY
            On August 29, 2003, El Paso Police Officer Eloy Serna was patrolling the block between
Copia and Piedras streets including west to Cotton. While patrolling a trailer park in the area, Serna
saw an individual wearing a purple shirt (later identified as Appellant) standing outside a blue truck
with the door opened. Appellant then closed the truck door and ran through the parking lot. 
Appellant denied being at his truck, driving it that night, or seeing the officer at that time. He
claimed he was wearing a red and gray shirt, not a purple one. 
            As the officer got closer to the truck, he heard pitter patters in the dirt area next to the patrol
car. As he got out of the car to investigate, he saw smashed beer cans on the ground. He then heard
a noise behind another parked car and found two underage Hispanic males hiding behind the car and
throwing beer cans underneath it. 
            Serna asked them where the man wearing the purple shirt was. They did not know what the
officer was talking about. While the officer was escorting them to the patrol car, he saw Appellant
exit a trailer. Appellant said he had gone outside to find out why the officer had one of his friends. 
Serna determined that Appellant was also underage. The three boys detained since they were minors
in possession of alcohol. Serna called for backup from his partner, Officer Victor Sanchez. Serna
did not Mirandize Appellant but believed he had reasonable suspicion to detain him. 
            After backup arrived, Serna determined that Appellant owned the blue truck. When Serna
checked the truck, he found the windows were rolled down, From the outside, he could see an 18-pack of beer sitting on the passenger seat and a CD player with white residue, a straw, and a white
baggie in the middle section. Appellant denied there was beer was in the truck but did not dispute
the existence of cocaine. Although he did not have a warrant, Serna collected the items from the
truck since they were in plain view. The officer also determined that Appellant had outstanding
traffic warrants.
MOTION TO SUPPRESS
            In his sole point of error, Appellant challenges the trial court’s denial of his motion to
suppress the seized cocaine. He complains that the officer lacked probable cause to search the truck
and seize the cocaine because it was not readily apparent that the white powder was evidence of a
crime. 
Standard of Review
            In reviewing the trial court’s ruling on the motion to suppress, we apply a bifurcated standard
of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000). We give almost total
deference to the trial court’s determination of historical facts, while we conduct a de novo review
of the trial court’s application of the law to those facts. Id. Where, as here, there are no findings of
fact, we view the evidence in the light most favorable to the trial court’s ruling and assume that the
trial court made implicit findings of fact that support its ruling as long as those findings are
supported by the record. See State v. Ross, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000). If the trial
court’s decision is correct on any theory of law applicable to the case, the decision will be upheld. 
Id. at 856. 
Unreasonable Search and Seizures
            The Fourth Amendment of the United States Constitution prohibits unreasonable searches
and seizures. U.S. Const. amend. IV; Maryland v. Buie, 494 U.S. 325, 331, 110 S.Ct. 1093, 1096,
108 L.Ed.2d 276 (1990). A warrantless search is per se unreasonable unless the State can show that
it falls within one of the established exceptions. Robbins v. California, 453 U.S. 420, 423, 101 S.Ct.
2841, 2844, 69 L.Ed.2d 744 (1981).
            Although the “plain view” doctrine is a well-established exception to the general rule that
warrantless searches are per se unreasonable, police officers may seize items in “plain view” only
where: (1) the officers have the right to be where they are at the time the item is seen; (2) the officers
discover the incriminating evidence inadvertently; and (3) it must be immediately apparent to the
officers that the items they observe may be evidence of a crime, contraband, or otherwise subject to
seizure. Horton v. California, 496 U.S. 128, 136-37, 110 S.Ct. 2301, 2307-08, 110 L.Ed.2d 112
(1990). 
            As to the third prong, the plain view doctrine requires a showing of probable cause that the
item discovered is incriminating evidence; actual knowledge of the incriminating evidence is not
required. Joseph v. State, 807 S.W.2d 303, 308 (Tex.Crim.App. 1991). “Probable cause merely
requires that the facts available to the officer would warrant a man of reasonable caution in the belief
that certain items may be contraband.” Miller v. State, 686 S.W.2d 725, 728 (Tex.App.--San
Antonio 1985, no pet.). The officer may rely on his training and experience to draw inferences
and make deductions as to the nature of the item seen. Nichols v. State, 886 S.W.2d 324, 326
(Tex.App.-- Houston [1st Dist.] 1994, pet. ref’d).
            Here, when Officer Serna saw the white residue, a straw, and a white baggie, he immediately
believed the white substance to be cocaine. The facts available to Serna would have warranted a
man of reasonable caution to believe that the residue was cocaine. Miller, 686 S.W.2d at 728. Serna
had been a police officer for almost three years and could draw on his training and experience to
draw the inference. Nichols, 886 S.W.2d at 326. We overrule the sole point and affirm the judgment
of the trial court.

June 2, 2005                                                                
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)