

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00052-CR

Carli **MCGAA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR1004
Honorable Ray Olivarri, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Catherine Stone, Chief Justice
    Karen Angelini, Justice
    Rebeca C. Martinez, Justice

Delivered and Filed:  October 15, 2014

AFFIRMED

Carli McGaa challenges her conviction for the offense of possession of a controlled substance, arguing that the trial court erred in denying her pre-trial motion to suppress. We affirm the judgment of the trial court.

### BACKGROUND

At the suppression hearing, San Antonio Police Officer David Jacobs testified that, on July 9, 2012, he was dispatched for a disturbance. Specifically, he was notified that "a suspicious person" was passed out in a vehicle in front of a convenience store. Jacobs arrived on the scene

and observed that the vehicle was running, a female was sitting in the driver's side seat, and it appeared as though she were sleeping. An officer assisting Jacobs tried to wake the driver by banging on the passenger-side window. When the driver did not respond, Jacobs looked inside the vehicle to determine if the car was in gear or parked, and he observed a bottle of pills in between the driver's legs. Jacobs believed that the cap was on the bottle. Jacobs then opened the driver's side door to turn the car off. Jacobs believed that the driver might be intoxicated because she was passed out behind the wheel of a running car. Jacobs testified that since the pill bottle was in plain view, he grabbed it, put it on top of the car, turned the engine off, put the keys on top of the car, and then started talking to the driver. According to Jacobs, the driver seemed a little lethargic, and because she had been holding a pill bottle, he requested that EMS come examine her. Jacobs requested identification from the driver. The driver's identification did not match that of the prescription label on the pill bottle. Jacobs called poison control to identify the pills. The driver was given an HGN field test, cleared by EMS, and then arrested for possession of a controlled substance (penalty group 3) in an amount more than twenty-eight grams but less than two hundred grams. Jacobs identified McGaa as the driver of the vehicle.

At the suppression hearing, defense counsel argued that the officer illegally seized McGaa and the pill bottle because he lacked reasonable suspicion that she had committed a crime. Counsel alternatively argued that the officer lacked probable cause to seize the pill bottle under the plain-view doctrine because it was not immediately apparent that the prescription pill bottle contained a controlled substance. The trial court denied the motion to suppress. In its Conclusions of Law, the trial court stated that:

1. In the instant case, the officers responded to a report of a suspicious vehicle or person outside of the Valero store, upon approaching the vehicle and seeing a woman asleep or unconscious in the driver's side seat with the vehicle engine running, they suspected a possible DWI. The officers were justified in approaching the car and looking in the window to investigate further. Once the

officers looked inside the car, they were able to plainly see the pill bottle between the occupant's legs. Upon further investigation, it was discovered that the pill bottle did not belong to the occupant and that the pills were narcotics. Given the totality of the circumstances[,] the officers had probable cause to suspect that illegal activity had occurred.

2. This Court concludes that the officers had probable cause to associate the pill bottle with criminal activity. . . . Specifically, the totality of the circumstances within the officer's knowledge at the time is as follows: the complaint made concerning a suspicious vehicle or person prompted the officers to investigate whether there was a possible DWI, the vehicle's engine was running, the female occupant was unresponsive and appeared to be asleep or unconscious in the driver's side seat, and a pill bottle was located between the occupant's legs (which did not belong to her).

McGaa eventually pled guilty to the offense of possession of a controlled substance and was sentenced to four years' community supervision.

## DISCUSSION

On appeal, McGaa challenges the pre-trial denial of her motion to suppress in two issues, arguing that the officer lacked (1) reasonable suspicion that she was intoxicated or had operated a motor vehicle while intoxicated, and (2) probable cause to conduct a warrantless search.

We review a trial court's denial of a motion to suppress under a bifurcated standard of review. *Martinez v. State*, 348 S.W.3d 919, 922-23 (Tex. Crim. App. 2011); *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). First, we apply an abuse of discretion standard to the trial court's findings of fact. *Martinez*, 348 S.W.3d at 922. The trial court's ruling will be upheld unless it was so arbitrary as to be outside the zone of reasonable disagreement. *Id*. We afford almost total deference to the trial court's factual findings and mixed questions of law and fact, especially those based on an evaluation of the witnesses' credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Second, we review de novo the trial court's application of the law to the facts. *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007). We

will affirm the ruling if it is "reasonably supported by the record and is correct on any theory of law applicable to the case." *Valtierra*, 310 S.W.3d at 447-48.

To justify an investigative detention, an officer must have reasonable suspicion of possible criminal conduct. *See Terry v. Ohio*, 392 U.S. 1, 21 (1968); *Garza v. State*, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989). Courts examine the totality of the circumstances to determine whether reasonable suspicion existed. *See Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). An officer must have specific articulable facts which, taken together with rational inferences and the officer's experience and general knowledge, reasonably indicated the detained person was preparing to engage or had engaged in a crime. *Id.* at 242-43.

McGaa contends that Officer Jacobs lacked reasonable suspicion that she had committed a crime. She argues that the only reasons why Jacobs believed she was intoxicated or had operated a motor vehicle while intoxicated was because she was asleep in a running car with a prescription pill bottle between her legs.

The Texas Court of Criminal Appeals recently examined whether an officer had reasonable suspicion to detain a suspect for the offense of public intoxication based on the following facts: (1) it was around 3:00 a.m.; (2) appellant was asleep in his car; (3) the car's engine was running; (4) the car was parked partially on the sidewalk very near the door to the [convenience] store; and (5) the headlights were on. *See York v. State*, 342 S.W.3d 528, 537 (Tex. Crim. App. 2011). The court held that, based on these circumstances, the officer could reasonably suspect that appellant was intoxicated, and that with the engine running, he might have returned to the road, where he would pose a threat to himself or to others who were traveling. *Id*. & n.30 ("Being asleep with the engine running has been held to be an indication that a person had operated his car earlier."). The court further noted that reasonable suspicion was not dissipated by the fact that the officer did not smell alcohol as he approached the car, because appellant could still have been intoxicated by

drugs. *Id*. at 537-38; *see also* TEX. PENAL CODE ANN. § 49.01(2)(A) (West 2011) ("intoxicated" includes "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body").

Here, the record reflects that Jacobs responded to a disturbance call and found McGaa asleep at the wheel of a running vehicle. Not only was McGaa asleep, but she failed to respond to repeated banging on the windows by the officers, and it was only after Jacobs opened the car door and switched off the ignition that McGaa awoke. This difficulty in rousing McGaa, coupled with the plainly visible pill bottle between her legs, could have led Jacobs to reasonably suspect that McGaa had ingested a substance that caused her lethargic state. Based on these circumstances, we conclude that Jacobs had reasonable suspicion to believe that McGaa was operating a vehicle while intoxicated. *See York*, 342 S.W.3d at 537-38.

Alternatively, McGaa argues that Officer Jacobs lacked probable cause to conduct a warrantless search of her vehicle and to seize the pill bottle under the plain-view doctrine because it was not immediately apparent that the pill bottle contained a controlled substance.

The plain-view doctrine is an exception to the warrant requirement. *See Keehn v. State*, 279 S.W.3d 330, 334 (Tex. Crim. App. 2009). Under this exception, the seizure of an object is lawful if: (1) law enforcement officials are lawfully present where the object can be "plainly viewed;" (2) the "incriminating character" of the object in plain view is immediately apparent to the officials; and (3) the officials have the right to access the object. *Id.*; *State v. Betts*, 397 S.W.3d 198, 206 (Tex. Crim. App. 2013). McGaa only challenges the second prong. "The immediately apparent prong of the plain view analysis does not require actual knowledge of incriminating evidence." *Joseph v. State*, 807 S.W.2d 303, 308 (Tex. Crim. App. 1991) (citing *Texas v. Brown*, 460 U.S. 730 (1983)). Instead, all that is required is a showing of probable cause that the item

discovered is incriminating evidence. *Joseph*, 807 S.W.2d at 308. Probable cause exists where the known facts and circumstances are sufficient to warrant a person of reasonable prudence in the belief that contraband will be found. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007); *Miller v. State*, 686 S.W.2d 725, 728 (Tex. App.—San Antonio 1985, no pet). An officer may rely on training and experience to draw inferences and make deductions as to the nature of the item seen. *Nichols v. State*, 886 S.W.2d 324, 325-26 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

Although it was not immediately apparent that the pills were not prescribed to McGaa, Jacobs did have probable cause to associate the pill bottle with criminal activity. Jacobs testified that based on the fact that McGaa was sleeping in a running vehicle, he believed McGaa was intoxicated. As previously discussed, intoxication is not caused by alcohol alone, but can be triggered by ingestion of another substance, such as drugs. *See* TEX. PENAL CODE ANN. § 49.01(2)(A); *York*, 342 S.W.3d at 537-38. Thus, Jacobs presented sufficient articulable facts demonstrating his belief that the pill bottle he saw in plain view contained a substance which would cause McGaa's intoxication. *See Barron v. State*, No. 08-99-00493-CR, 2001 WL 564266, at \*4 (Tex. App.—El Paso May 25, 2001, no pet.) (not designated for publication) (although officer admitted that it was not immediately apparent to him that white pill in plain view inside vehicle was an illegal substance, his suspicion of such, combined with reckless driving, constituted probable cause to examine the pill which turned out to be a narcotic); *see also Lopez v. State*, 223 S.W.3d 408, 417 (Tex. App.—Amarillo 2006, no pet.) (noting "that certain objects not inherently suspicious can become so under certain circumstances"). We therefore conclude that Jacobs was justified in seizing the pill bottle under the plain-view doctrine.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not err in denying McGaa's motion to suppress. Accordingly, we overrule McGaa's issues on appeal and affirm the judgment of the trial court.

Rebeca C. Martinez, Justice

DO NOT PUBLISH