

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00653-CR

Enrique **RIOS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR8044
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:  Luz Elena D. Chapa, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  June 3, 2015

AFFIRMED

Enrique Rios was convicted by a jury of possession of a controlled substance and was sentenced by the trial court to four years' imprisonment. The sole issue presented on appeal is whether the trial court erred in denying Rios's pretrial motion to suppress. We overrule the issue and affirm the trial court's judgment.

### FACTUAL BACKGROUND

Officer David Acosta and Officer Jesse Mendoza were conducting surveillance on a house based on complaints that the house was being used as a "dope house" or a "narcotics distribution

house." The officers also knew an individual living at that address had an outstanding felony warrant. During the surveillance, Officer Acosta observed a vehicle drive up and park in front of the house facing the wrong direction, which constituted a traffic violation.

Officer Acosta saw a female exit the house and walk around the car to the open passenger window. The female leaned her upper torso through the open window for several minutes. The driver, who was later identified as Enrique Rios, exited the car, and Rios and the female walked back and entered the house.

Officer Acosta, Officer Mendoza, and a third officer parked their vehicles near Rios's car, exited, and approached the house. As he walked in front of Rios's car, Officer Acosta glanced through the front windshield to ensure no other occupants were in the vehicle. Upon approaching the house, the female, who Officer Acosta had arrested on a prior occasion, gave Officer Acosta permission to search the house for the individual with the outstanding warrant. Rios and the female were asked to stand on the porch for officer safety. While Officer Acosta and Officer Mendoza searched the house, the third officer stayed with Rios and the female.

After searching the house and not locating the individual with the warrant, Officer Acosta asked Rios and the female for their identification. Neither had their identification, but both provided Officer Acosta with their names and dates of birth. Officer Acosta stated Rios's identification was requested to determine if he had outstanding warrants and because Rios could be issued a citation for the traffic violation. As Officer Acosta was returning to his vehicle to run the identifications for warrants, he looked down through the open window of Rios's car and saw a syringe sticking a few inches out of the center console of the car. Based on his experience, Officer Acosta knew the syringe was illegal drug paraphernalia, giving him probable cause to open the console to seize the syringe. Upon opening the console, Officer Acosta discovered a plastic bag containing heroin.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress under an abuse of discretion standard. *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014). We review the record in the light most favorable to the trial court's ruling and will reverse the trial court's judgment only if it is arbitrary, unreasonable, or outside the zone of reasonable disagreement. *Id.* We give almost total deference to the trial court's determination of historical facts, but we review the trial court's application of the law to those facts de novo. *Id.*

## PLAIN VIEW

Under the "plain view" seizure doctrine, an officer is allowed to seize an item without a warrant if: (1) the officer sees an item in plain view at a vantage point where he has the right to be; and (2) it is immediately apparent that the item seized constitutes evidence — that is, there is probable cause to associate the item with criminal activity. *Miller v. State*, 393 S.W.3d 255, 266 (Tex. Crim. App. 2012); *State v. Dobbs*, 323 S.W.3d 184, 187 (Tex. Crim. App. 2010). Rios contends the item viewed by Officer Acosta was not immediately identifiable as drug paraphernalia because non-hypodermic syringes like the one viewed by Officer Acosta have common, legal uses.

"The [United States] Supreme Court has construed 'immediately apparent' to mean simply that the viewing officers must have probable cause to believe an item in plain view is contraband before seizing it." *Dobbs*, 323 S.W.3d at 189. "'Probable cause merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief . . . certain items may be contraband.'" *Hill v. State*, 303 S.W.3d 863, 873 (Tex. App.—Fort Worth 2009, pet. ref'd) (quoting *Miller v. State*, 686 S.W.2d 725, 728 (Tex. App.—San Antonio 1985, no pet.)). "An officer may rely on training and experience to draw inferences and make deductions as to the nature of the item seen." *Id.* Stated differently, the item viewed "must be seen and weighed not

in terms of library analysis by scholars but as understood by those versed in the field of law enforcement." *Miller*, 686 S.W.2d at 728. Actual knowledge that the item is incriminating evidence is not required because probable cause does not demand a showing that the officer's belief is correct. *Hill*, 303 S.W.3d at 873; *Miller*, 686 S.W.2d at 728.

In this case, Officer Acosta testified he recognized the item in the console as a syringe by its bright orange cap and the tick marks he observed on the side of the syringe. Based on his training and experience, Officer Acosta believed the syringe was illegal drug paraphernalia. Although Rios's brief suggests the syringe could have uses other than as drug paraphernalia, Officer Acosta was entitled to evaluate the item based on his training and experience, his knowledge of the drug activity associated with the house that was under surveillance, and his observations of the actions taken by Rios and the female while conducting the surveillance. *See Vercher v. State*, 861 S.W.2d 68, 70-71 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) (holding officer could rely on training and experience to distinguish crack pipe from other lawful tools even without examining object more closely); *see also Lopez v. State*, 223 S.W.3d 408, 417 (Tex. App.—Amarillo 2006, no pet.) (noting "certain objects not inherently suspicious can become so under certain circumstances"). Deferring to the trial court's determination of the historical facts, we hold the evidence supports the trial court's implied finding that Officer Acosta had probable cause to associate the syringe seen in plain view with criminal activity. *See Miller*, 393 S.W.3d at 266; *Dobbs*, 323 S.W.3d at 187. Accordingly, the trial court did not abuse its discretion in denying the motion to suppress because Officer Acosta was allowed to seize the syringe under the "plain view' doctrine.

## CONCLUSION

Rios's sole issue is overruled, and the trial court's judgment is affirmed.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH