# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 5, 2014

## STATE OF TENNESSEE v. JULIE FULLER, a.k.a. JULIE COLE

**Appeal from the Criminal Court for Shelby County**
**No. 10-06605      James Lammey, Jr., Judge**

---

**No. W2013-00900-CCA-R3-CD  -  Filed April 25, 2014**

---

The defendant, Julie Fuller a.k.a. Julie Cole, appeals the trial court's denial of her motion for correction of an illegal sentence and/or reduction of sentence. On August 9, 2012, the defendant pleaded guilty to theft of property over $10,000, a Class C felony. The defendant was sentenced as a persistent offender to serve ten years at thirty percent. On appeal, the defendant argues that her sentence was illegal and that the trial court erred and abused its discretion by failing to modify it. Following a review of the record, we reverse the trial court's denial of the motion and remand to correct the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, joined.

Julie Fuller, a.k.a. Julie Cole, Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; Amy P. Weirich, District Attorney General; and Byron Winsett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant entered into a negotiated plea agreement with an agreed-to sentence to plead guilty to theft of property over $10,000, a Class C felony. Although a transcript of the guilty plea hearing was not included in the record for review, the plea agreement stated that the defendant would be sentenced as a Range I offender to serve ten years with a release eligibility of 30%. The judgment of the court shows that she was sentenced as a Range III persistent offender to serve ten years with a 30% release eligibility date. A conviction for

a Class C felony carries a possible incarceration sentence of three to fifteen years, with a release eligibility date of 30% for a Range I, standard offender, and a release eligibility date of 45% for a Range III, persistent offender. A Class C conviction for a Range I, standard offender calls for a possible jail sentence of three to six years, while a Class C felony conviction for a Range III, persistent offender calls for a possible jail sentence of ten to fifteen years. The judgment was entered on August 9, 2012, and executed on August 17, 2012. On December 15, 2012, the defendant filed a *pro se* motion for correction of an illegal sentence and/or reduction of sentence pursuant to Tennessee Rules of Criminal Procedure Rule 35, stating that her sentence was illegal because it exceeded the maximum range for a Range I offender. The trial court issued an order denying this motion. On appeal, the defendant contends that the trial court erred and abused its discretion in denying the motion. Following review of the record before us, we reverse the denial of the petition and conclude that the defendant's sentence was an illegal sentence imposed in contravention of the statute.

Rule 35 of the Tennessee Rules of Criminal Procedure states that "the trial court may reduce a sentence upon motion filed within 120 days after the sentence is imposed or probation is revoked. No extension shall be allowed on the time limitation. No other actions toll the running of this time limitation." Tenn. R. Crim. P. 35(a). The State argues that the trial court did not have jurisdiction to consider the defendant's motion because it was filed beyond the 120 day time limit of Rule 35. The defendant was sentenced on August 9, 2012, but judgment was not executed until August 17, 2012. Thus, because the defendant submitted her petition on December 15, 2012, and the judgment was executed on August 17, 2012, the trial court properly found that the defendant satisfied the 120 day time limitation of Rule 35.

This court examines Rule 35 motions to reduce sentences under an abuse of discretion standard. *State v. Ruiz*, 204 S.W.3d 772, 777 (Tenn. 2006); *State v. Irick*, 861 S.W.2d 71, 75 (Tenn. Crim. App. 1993). The trial court abuses its discretion "only when the trial court has applied an incorrect legal standard, or has reached a decision which is illogical or unreasonable and causes an injustice to the party complaining." *Ruiz*, 204 S.W.3d at 778. The purpose of the rule is "to allow modification in circumstances where an alteration of the sentence may be proper in the interest of justice." *State v. Hodges*, 815 S.W.2d 151, 154 (Tenn. 1993).

The "interest of justice" implicated in this case is the defendant's illegal sentence. The sentence is illegal because it imposes a release eligibility date that is specifically prohibited by statute. *See State v. Davis*, 313 S.W.3d 751, 759 (Tenn. 2010); *Smith v. Lewis*, 202 S.W.3d 124, 127-28 (Tenn. 2006). Unlike the determination of a defendant's offender classification, which is a question of fact, a defendant's release eligibility date ("RED") "does not depend directly upon factual findings by the trial court, but is determined entirely

by statute." *Cantrell v. Easterling*, 346 S.W.3d 445, 451 (Tenn. 2011). Our supreme court "has recognized that a defendant and the State may agree to 'mix and match' offender classifications and REDs pursuant to a plea bargain." *Id.* at 452. Such hybrid plea bargains are permissible *"so long as* (1) the term of years is within the overall range of years specified for the offense, and (2) the RED is not less than the minimum allowable for the offense." *Davis*, 313 S.W.3d at 760 (citations omitted). For example, a defendant who is a Range I, standard offender charged with a Class A felony could plead guilty to a Class C felony in exchange for a ten-year sentence with an RED of 30%, even though the sentencing range for a Range I, standard offender charged with a Class C felony is three to six years. The sentence is permissible because it was entered into pursuant to a plea bargain and the term of years is within the overall range of years specified for a Class C felony. *See State v. Hicks*, 945 S.W.2d 706, 707-09 (Tenn. 1997) ( holding that a "knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility" so long as the sentence imposed is within the statutory limits for the offense). A hybrid plea agreement may not "contravene the Sentencing Act," meaning that "both the offender classification and RED must be available for the plea offense under the Act." *Cantrell*, 346 S.W.3d at 452. Such a plea agreement is illegal when it includes "a sentence designating an RED where an RED is specifically prohibited by statute." *Davis*, 313 S.W.3d at 759. The trial court lacks the statutory authority to impose such a sentence. *Id.*

The defendant contends that her ten-year sentence is illegal because it exceeds the three to six year term limit for a Range I, standard offender convicted of a Class C felony. While we do not agree that the length of the defendant's sentence is illegal, we conclude that the imposition of a statutorily prohibited RED renders the sentence illegal. From the sparse record before us, it appears that the defendant intended to enter a hybrid plea bargain. The defendant's petition for acceptance of a plea of guilty indicates that the defendant pleaded guilty to theft of property over $10,000 in exchange for a ten-year sentence as a Range I offender with a 30% RED. Under *Hicks*, this plea agreement is proper even though it exceeds the three to six term of years for a Range I, standard offender convicted of a Class C felony. It is proper because the overall sentencing range for a Class C felony is three to fifteen years, and the ten-year sentence is within this overall range. Further, the guilty plea petition signed by the defendant stated that the defendant was aware of her right to plead not guilty and was choosing to plead guilty of her own free will and choice, and a "knowing and voluntary guilty plea waives any irregularity as to offender classification and release eligibility." *Hicks*, 945 S.W.2d at 709. However, the judgment sheet proves problematic, as it contains a sentence different from that of the petition for acceptance of a plea of guilty. On the judgment sheet, the boxes for both standard and persistent offender were checked, but the standard offender box was struck through, indicating that the defendant was to be sentenced as a persistent offender. The standard 30% RED box was checked, meaning that the defendant was sentenced as a Range III, persistent offender to a ten-year sentence with

a 30% RED date. The particular coupling of a Range III, persistent offender status with a 30% RED date renders the sentence illegal because it directly contravenes the applicable Sentencing Act.

Tennessee Code Annotated section 40-35-501 provides the REDs for each offender status, and states that "[r]elease eligibility for each defendant sentenced as a Range III persistent offender *shall occur* after service of forty-five percent (45%) of the actual sentence imposed less sentence credits earned and retained by the defendant." T.C.A. § 40-35-501(e) (2013) (emphasis added). The term "shall occur" is mandatory language that sets an express statutory minimum threshold for when an inmate becomes eligible for parole. *See State v. Graves*, 126 S.W.3d 873, 877 (Tenn. 2003) ( "It is academic that the use of the word 'shall' in a statute is indicative of mandatory legislative intent."). A defendant sentenced as a Range III, persistent offender is not eligible for release until 45% of the sentence is served, and granting a Range III, persistent offender a 30% RED results in a sentence less than the statutory minimum. *See Dixon v. State*, 934 S.W.2d 69, 73 (Tenn. Crim. App. 1996) (holding that a sentence where the defendant was classified as a Range III offender but received a Range I RED was illegal because it "did not comply with the statutory sentencing guidelines"). "Sentences beneath the minimum provided for by statute, however, have been consistently rejected as illegal," *McConnell v. State*, 12 S.W.3d 795, 799 (Tenn. 2000) and "[a] court lacks jurisdiction to impose an agreed sentence that is illegal, even an illegally lenient one." *Summers v. State*, 212 S.W.3d 251, 258 (Tenn. 2007).

The 1989 Sentencing Act creates the outer boundaries within which the State and the defendant may negotiate, and courts must respect these limits. *McConnell*, 12 S.W.3d at 799. It is permissible for the parties to negotiate an RED that is greater than the statutory minimum, so long as it does not also exceed the statutory maximum. For example, a defendant could agree to a sentence as a Range II offender with an RED of 45%, rather than the statutory minimum 35%, but could not agree to be sentenced as a Range II offender with a 30% RED. The latter sentence would be in direct contravention to the Sentencing Act, and thus impermissible. *See Cantrell*, 346 S.W.3d at 452. Here, the defendant's sentence is akin to the second example, as the defendant was sentenced as Range III, persistent offender but received a 30% RED. The defendant's petition for acceptance of a guilty plea reflects an appropriate sentence because the defendant was sentenced as a Range I offender, making her eligible for a 30% RED. However, the judgment sheet reflects an illegal sentence because a 30% RED is not applicable to a defendant sentenced as a Range III, persistent offender. In its order denying the motion for correction of an illegal sentence and/or reduction of sentence, the trial court found nothing illegal about the judgment because the defendant "pled to 10 years as a persistent offender and at 30% on a 'C' felony, which carries a possible jail sentence of 3 to 15 years." While it is correct that a ten-year sentence for a Class C felony is not illegal, a Range III, persistent offender cannot be sentenced to a RED less than 45%.

We conclude that the sentence imposed is an illegal sentence in light of the mandatory provisions of the sentencing act, reverse the trial court's denial of the motion, and remand for a determination of whether the judgment was entered correctly.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the trial court and remand for the judgment to reflect the legal plea bargain agreement.

_____
JOHN EVERETT WILLIAMS, JUDGE